**L'EGLISE *vs.* BRENTON ET ALS.**

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE OF THE
EIGHTH PRESIDING.

Courts are bound to take notice of the date laws are promulgated, although on evidence be adduced of the fact of promulgation. They are also bound to notice public laws, whether brought under their attention or not.

This was an action on a promissory note, to which the prescription of five years was opposed.

The note was executed in 1819, made payable in March, 1820, and the defendant cited 14th July, 1831. There was a verdict and judgment for the plaintiff, and the defendants appealed.

*Porter, J.* delivered the opinion of the court.

This suit was brought on a promissory note, and on several issues tendered by the answer, a jury passed in the court of the first instance, and found a verdict for the plaintiff. The defendants appealed.

Among other grounds of defence, opposed to the action, we find, they pleaded the prescription of five years. This we shall first examine, for if found correct, it produces an inquiry into other matters.

The note was made so far back as 1820, citation was served on the 14th July, 1831. The only question is, at what time the late amendments to our code, by which the prescription of five years was established, were promulgated in the parish where the action was tried.

By an act of the general assembly of this state, approved the 12th April, 1824, it was enacted, " That when the said Civil Code, shall be printed and received, the promulgation of it shall be made by the secretary of state, by sending a copy thereof, to each of the courts of and within this state, of which transmission, the date shall be recorded in the office of the secretary of state ; and one month after said transmission, the said code shall be deemed promulgated, and shall henceforward be in full force throughout the state."

Courts are
bound to take
notice of the date
laws are promul-
gated, although
no evidence be
adduced of the
fact of promul-
gation. They are
also bound to no-
tice public laws,
whether brought
under their at-
tention or not.

No proof was made in the court of the first instance, and the first inquiry is, whether the date of the promulgation should have been proved as a fact on the trial?

It is the opinion of the court, it should take notice of the date laws are promulgated, although no evidence of the fact of promulgation has been adduced. The tribunals of justice are required to know, and bound to take notice of public laws, whether brought under their attention or not. The discharge of this duty necessarily implies a knowledge of the time of publication; or supposes the means of attaining it, without parties proving the fact. The Supreme Court of the United States has gone so far as to decide, that the law of a foreign country, in relation to international matters, which had been acted on by the Executive of the Union, would be noticed by them on appeal, although not proved as facts in the court of the first instance. *See* 1st *Cranch*, 38. A contrary decision, would place our laws on nearly, if not the same footing, as foreign laws. At least so far, as to require proof in every instance, before we could acknowledge their existence and give them effect.

The code was in force in West Feliciana, on the 15th June, which was one month after its transmission by the secretary of state, in New-Orleans.

The circumstance of this case, being one in which prescription is pleaded, makes no difference in the period at which the code was promulgated, nor in our duty to notice the time of promulgation.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be annulled, avoided and reversed; and it is further ordered and decreed, that there be judgment for the defendants with costs in both courts.