Simon, J.
delivered the opinion of the court.
This is an action against a former sheriff of the parish of Orleans, for having permitted the escape of a defendant who had been arrested on a writ of mesne process. Plaintiffs represent that on the 15th of April, 1837, a suit having been by them instituted against one Pennington for the recovery of a sum of money, a writ of arrest was issued against said Pennington, addressed to the defendant as sheriff of New Orleans, who accordingly proceeded to seize and take the said debtor into his custody; that owing to the negligence of the defendant, said Pennington was suffered to escape and go at large, by means whereof, plaintiffs have lost the whole benefit of their action. They further state, that on the 23d of November following, a judgment was rendered in their favor against Pennington for $2002 with interest and costs, the amount of which has never been paid. That consequently, they issued a writ of fieri facias which was returned, “ no property found;” whereupon a writ of capias ad satisfaciendum, was issued and delivered to the defendant who some time afterwards returned it “ non est inventus.” They also aver that the sheriff kept the writ of ca. sa. in his possession without returning the same from the month of May to the month of October, and that from his illegal acts, he has become liable to pay the whole amount of the judgment, as damages. They pray for judgment against him accordingly. .
The defendant pleaded the general issue, denied his responsibility, and *344 pleaded, also the prescription of one year against the plaintiffs’ action. The case was tried by jury, who found a verdict in favor of the plaintiffs for the sum of $2,000 with eight per cent, interest on $2,000 from the 26th of March, [570] 1836, until paid, and $51 68 costs incurred in the first suit; from which verdict and the judgment of the court, the defendant appealed.
The facts of the case are mainly these : Pennington having been arrested by the defendant’s deputy, requested him to go with him to Irwin, Hall & Walton’s, who, he said, would consent to become his bail; on application, they promised to be his securities; the deputy asked them if they were freeholders ; they answered negatively, and he told them that he couldnot accept them without the plaintiffs’ consent. Thereupon a messenger was sent to get plaintiffs’ authority. In the mean time, Pennington asked to go down stairs, (as the witness says,) to get a drink, this the deputy would not permit, but Mr. Hall told him not to be afraid; as they would be responsible. A few minutes afterwards, it was discovered that Pennington had made his escape, the messenger returned with the plaintiffs’ written consent, but Messrs. Irwin, Hall & Walton, finding that Pennington had escaped, refused to sign the bond. The records of the suit of Irwin, Hall & Walton v. Their creditors, for a respite filed on the 19th of May,1837, and that of the same persons against their creditors for a surrender of property, filed on the 19th of March, 1839, were also produced in evidence by defendant to show their state of insolvency.
The first question submitted to our consideration relates to the plea of prescription relied on by the defendant, and grows out of said defendant’s exceptions to the charge of the court to the jury: we think there is no necessity for our inquiring deeply into this question, nor for our examining the correctness of the judge's charge; as it is clear that the plaintiffs’ action was brought before the expiration of the time required by law for this kind of prescription. The act complained of was committed on the 15th of April, 1837, this suit was instituted on the 16th of October, 1838, and had not the former law been repealed, the defendant might perhaps have acquired his discharge by the pre[571] soription of one year. La. Oode, ai-t. 3501. By an act of the legisla ture, approved on the 28th of Pebruary, 1837, entitled “ an act to extend the time of prescription in reference to the acts of sheriffs,” it is enacted: “ that no sheriff or his security or securities shall be able to prescribe against his acts of misfeasance, nonfeasance, costs, offences and quasi offences, but after the lapse of two years fr®m the day of the commission of the acts complained of.” As this court has said in the case of Léglise v. Breton, 3 La. Rep. 436 : “ courts are bound to take notice of the date laws are promulgated, although no evidence of the fact of promulgation has been adduced. In this case, there is no proof of the date of the promulgation of the law, but there is no doubt, and we may fairly presume it, that it was in force at the seat of government before or at least at the time the escape occurred, which was forty-six days after the approval of the law. On the other hand, supposing the old law to have remained in force for some time after the 15th of April, 1837, (which we are confident cannot be the fact,) eighteen months only having elapsed between Raid date and the institution of the suit, it would have required, by computing *345 tlie time that it should have run under both laws, more than three months under the old law to complete it with the balance of the time under the new law. Thus, it is clear that the defendant cannot be benefited by his plea of prescription, as even taking the date of the publication of the pamphlet published by authority, as the date of the promulgation of the law, the time run between the two dates would not be sufficient to complete the prescription.
But it is urged by the appellant’s counsel that the defendant’s liability ought to be limited to the loss actually sustained by the plaintiffs, and that, from the evidence adduced, he cannot be answerable for the whole amount of the judgment obtained against the defendant in the original action. The responsibility of offenders and negligent persons is laid down in broad terms by the articles 2294 and 2295 of the La. Code; the latter of these is ap- [572] plicable to the cause now under consideration; it is in these words : “ every person is responsible for the damage he occasions not merely by his acts, but by his negligence, his imprudence and his want of skill.” It is certainly a principle of law that there can exist no wrong without a remedy ; yet it seems to us that redress in damages should in all cases be proportioned to the injury sustained, unless it be where they are given as an example to deter others from similar conduct in future, and really for the purpose of punishing men for their bad motives and intentions. But in this case, the injury arose from a mere act of imprudence of the defendant’s deputy, and while he was in a fair discharge of his legal and official duties; and if so, the doctrine established by this court in the case of Clark v. Wright, 5 Mart. N. S. 122, in which this court says, “ we understand the law to be, that if the sheriff permits an escape on mesne process, his responsibility is limited to the loss actually sustained by the plaintiff,” is clearly applicable; and the question then presents itself, what loss did the plaintiffs in this case really sustain ? Had not Pennington made his escape, Irwin, Hall & Walton would, by the written consent of the plaintiffs, have become his bail, and would perhaps subsequently have been answerable for the consequences of their suretyship, if they had failed to present the person of the debtor on execution of the definitive judgment rendered against him. Code of Practice, 235. But it has been shown that the judgment against Pennington was only rendered on the 23d of November, 1837, that the fl. fa. was returned on the second of April, 1838; that the ca. sa. was also returned on the 5th of July following, and that the sureties had already declared themselves to be in insolvent circumstances by filing their petition for a respite on the 19th of May, 1837. Prom these faots, it is clear that the plaintiffs would not have been in a situation to recover the whole amount of their judgment from the sureties on the bond after the month of July, 1838, since it is in proof that they absolutely failed a short time afterwards. More- [573] over, no gross or culpable negligence or extraordinary imprudence can be attributable to the officer, and we are not prepared to say that, under such circumstances, the measure of damages should be the whole of the judgment. Nothing however has been shown to the court below by which the amount of damages may be fairly ascertained, but as it would be unjust to put the plaintiffs, at the expense of the defendant, in a better condition than they would have been, if Pennington had not made his escape, and had furnished *346 the bail by him offered, we think justice requires that this case should be remanded for the purpose of assessing the real damages sustained by the plaintiffs.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and that this case be remanded to the lower court for the purpose of assessing the damages according to the legal principles above established, the appellees paying the costs of this appeal.