L. A. BIGGER v. C. A. RYKER, *as County Treasurer, etc., et al.*

**No. 11,956.** (63 Pac. 740.)

TAXATION—*Purchase by Counties—Valid Act.* Chapter 162 of the Laws of 1891 (Gen. Stat. 1899, §§ 7319-7321; Gen. Stat. 1897, ch. 158, §§ 173-175), being "An act regulating the sale of real estate for delinquent taxes in such counties as shall adopt the provisions of this act," does not conflict with the constitutional principle that no man's property can be taken from him without his consent, except by due process of law, nor with any other constitutional limitation.

Original proceeding in mandamus. Opinion filed February 9, 1901. *In banc.* Judgment for defendants.

*George A. Vandeveer,* and *F. L. Martin,* for plaintiff.

*Carr W. Taylor,* county attorney, and *J. U. Brown,* for defendants.

The opinion of the court was delivered by

JOHNSTON, J.: By this proceeding the plaintiff challenges the constitutionality of chapter 162 of the Laws of 1891 (Gen. Stat. 1899, §§ 7319-7321; Gen. Stat. 1897, ch. 158, §§ 173-175), "An act regulating the sale of real estate for delinquent taxes in such counties as shall adopt the provisions of this act." The provisions of that act were duly adopted by the county commissioners of Reno county, after which the taxes charged upon some of the lands in the county of Reno became delinquent. The county treasurer advertised that these lands would be sold for taxes on September 4, 1900, at the court-house, and on that day plaintiff was present and proposed to buy the lands so advertised, but the county treasurer informed him that all

the delinquent real estate would be bid off in the name of the county, under the authority of the statute and resolution above mentioned. The plaintiff proposed and made bids upon each and every of the tracts and parcels of land, and offered to purchase the north half of each of said tracts and parcels and to pay therefor the full amount of all taxes, penalties, costs and charges, etc., against the entire tracts and parcels of land. At the same time he tendered a sufficient sum of money to make good his offer, but the offer, as well as the tender of money, was refused by the county treasurer, and the property mentioned was all bid off in the name of the county, in the manner provided for in the statute referred to. To compel an acceptance of his bid and tender, the plaintiff has brought this proceeding in mandamus.

He attacks the validity of the statute because it excludes all bidders other than the county, and thereby prevents competition; and also because it provides for a sale to the county of the entire property taxed, when a smaller portion of it might sell for enough at a competitive sale to realize all taxes, penalties and costs due thereon. These objections appear to be more of an attack upon the policy of the act than upon the validity of the powers to be exercised under it. The sovereign power of taxation belongs exclusively to the legislature. It has discretion and power to determine what property shall be subject to taxation, the rules upon which taxes shall be levied, and the means which shall be taken to secure an enforcement of the payment of the same. Its discretion is uncontrolled and its power is omnipotent, except as they may be limited by constitutional provisions. The principle of uniformity of taxation is required by our constitution, but no claim is made that the act in

question trenches upon that principle or violates any express constitutional provision.

The plaintiff insists that, while there is no specific inhibition in the constitution, the means provided in the act for enforcing the collection of taxes are contrary to the universal practice and to the general principles of equity and justice; and, further, that they are not due process of law. At the argument it seemed to some of us that the taking of the whole of a tract of land for the taxes and charges against it, when a smaller portion might be sufficient to pay them, was a harsh and objectionable method, but reflection convinces us that whether a part or the whole shall be appropriated in satisfaction of the tax lien is a matter of legislative discretion, and one which is not the subject of review by the courts. To insure the prompt payment of taxes, penalties are imposed by the legislature, and if they are equal and uniform in their application, their validity is unquestioned, and very heavy penalties have been sustained. The harsher method of forfeiture for the non-payment of taxes and non-compliance with the tax laws is frequently employed, and such statutes are generally held to be valid. If a forfeiture may be constitutionally enforced, no reason is seen why the provisions authorizing the treasurer to bid off the tract taxed for the county should not be sustained. The fact that we have had competitive bidding and a sale of the smallest quantity which any purchaser will take and pay the taxes and charges against the land, makes the means complained of seem unnecessarily severe to some, but mere harshness and severity of methods do not violate any right secured by the constitution.

It is probably true, as stated, that the usual methods of enforcing the collection of delinquent taxes on lands

in this country are by a public competitive sale for a quantity of land requisite to pay the amount due, but, as heretofore stated, this is a matter of policy to be settled by the legislature, and a mere departure from usual methods does not necessarily conflict with the constitution.  It may be that experience has shown that a sale of a portion of the land did not always insure the promptest and fullest payment of taxes ; and it may be that new methods were necessary to insure the collection of the public revenues and the discharge of expenses incurred in carrying on the public business.    There is no cause for the landowner to complain of the method, as he is permitted to redeem the land at any time within three years from the date of the sale for an amount equal to the cost of redemption at the time of redemption.  After that time the county commissioners dispose of the land in accordance with the general provisions of the law.   The proposed purchaser who has invested nothing and who is informed by the statute itself that the county treasurer shall not accept bids or offers from any persons except the owner, his heirs, executors, administrators, and assigns, or a mortgagee of the real estate, has little cause to complain.   A statute requiring a sale for the smallest quantity of the land that will discharge the tax lien is mandatory upon an officer, and must be strictly pursued, but the legislature having provided for a sale of the whole of.it, the officer cannot disregard its provisions.   Our attention has been called to *Martin v. Snowden*, 18 Grat. 145, as an authority against the validity of such a statute, and language is employed in the decision which gives countenance to the contention of the plaintiff, but the judge writing the majority opinion expressly states that he did not think it necessary to decide the question.

The claim that it is not due process of law cannot

be sustained.   Summary proceedings for the collection of delinquent taxes do not conflict with the principle that no man's property can be taken from him without his consent except by due process of law. Here the landowner has had notice of the assessment and an opportunity to secure the correction of any errors made in levying the taxes against the land, and there are abundant remedies if a sale is not made in, accordance with the statutory provisions.   The constitution does not prescribe how land shall be sold, and a statutory provision providing a means of sale is within the power of the legislature and not in conflict with the principle named or with other constitutional restrictions.    (*Pritchard v. Madren*, 24 Kan. 486; *McMillen v. Anderson*, 95 U. S. 37, 24 L. Ed. 335; Desty, Tax. 749.)

The plaintiff also attacks the validity of other statutes which make provision for the disposition of lands purchased by the county under the provisions of chapter 162 of the Laws of 1891.   This, however, is not a matter of concern to the plaintiff.   Assuming that he had a right to purchase, he sought to compel the county treasurer to accept his bid and tender, but the statute authorizing a purchase by the county alone having been held valid, his bid and tender were properly refused, and he has no standing to institute a judicial inquiry as to what shall be done by the county three years hence as to the sale or disposition of the lands purchased or as to the disposition of the proceeds of such sale.   Whether they shall be disposed of under existing statutes or one to be enacted in the future is a matter of legislative discretion, and not of any concern to the plaintiff.

The motion to quash the alternative writ will be sustained, and judgment will go in favor of the defendants.