No. 19,310.

THE STATE OF KANSAS, *Appellee*, v. THOMAS JUSTIN
HINSHAW, *Appellant.*

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

OBTAINING PROPERTY BY FALSE PRETENSES — *Evidence* — *Past
Conduct of Defendant.* Although prejudice may sometimes
result from questions concerning the past conduct of the de-
fendant in a criminal case, irrespective of the answers given,
it is held that upon the entire record that situation did not
arise in this case.

Appeal from Douglas district court; CHARLES A.
SMART, judge. Opinion denying a rehearing filed Octo-
ber 16, 1914. (For original opinion of affirmance see
92 Kan. 1007, 142 Pac. 960.)

*Edward T. Riling, John J. Riling,* both of Lawrence,
and *L. D. Moore,* of Winfield, for the appellant.

*J. S. Amick,* county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: One of the principal complaints made
by the defendant on appeal was that after his father
had testified in his behalf, the state was permitted on
cross-examination to ask whether the defendant had
not been guilty of misconduct in a number of matters
unrelated to the charge under investigation. In the
original opinion, in response to this contention it was
said that no injury could have resulted to the defend-
ant because in every instance the witness returned such
answers as to exculpate him from the suggested charge.
In a petition for a rehearing it is strongly urged that
upon the authority of *The State v. Kirby,* 62 Kan. 436,
63 Pac. 752, it was error to allow these questions to be
asked, notwithstanding the nonprejudicial character
of the answers. In that case the defendant's wife was

The State v. Hinshaw.

asked on cross-examination whether he had not been guilty of various offenses. In the course of the opinion this court said: "To most of the inquiries she gave a negative answer, but the state was thereby allowed to insinuate charges and offenses other than the one alleged in the information, and the questions implied an assertion of belief on the part of the attorneys for the state that the defendant was guilty of the other offenses." (p. 443.) The suggestion that a prejudice may in some circumstances result from the mere asking of objectionable questions, irrespective of the answers given, is no doubt well founded. But the allowance of such questions is not necessarily material error in every instance. In that case some of the answers were substantially to the effect that the defendant had been guilty of the offenses referred to. The decision of this court was expressed in these words: "The allowance of the questions, which were persistently put with the sanction of the court, together with the halting and qualified answers of the witness, was a manifest injustice to the defendant, and must have created a prejudice in the minds of the jury against his general character." (p. 444.) In the present case the answers carried no implication against the defendant, and upon full consideration the court concludes that in view of the whole record no substantial prejudice could have resulted.

The petition for a rehearing is denied.