CLARE *v*. THE STATE OF IOWA.

The original act on file in the office of the secretary of state, is the ultimate proof of a statute, whatever errors there may be in what purports to be a copy thereof.

The appellate court will inform itself, and take cognizance of the true reading of a statute, by referring to the original act on file in the office of the secretary of state.

Where an indictment charged the defendant with selling one gallon of intoxicating liquor, for the sum of about one dollar and twenty-five cents; *Held*, That the amount received for the liquor was entirely immaterial, and that the indictment was sufficient.

*Appeal from the Clark District Court.*

TUESDAY, JANUARY 26, 1858.

The defendant was indicted for selling intoxicating liquors, viz: whisky, at his residence in the county of Clark, on the tenth day of April, A. D. 1857, to one Edward Harrison, contrary to law. The defendant demurred to the indictment, which was overruled. The defendant having been convicted, filed a motion in arrest of judgment, which was also overruled. The grounds of the demurrer and motion in arrest, are sufficiently stated in the opinion of the court.

*J. E. Neal*, for the appellant.

*S. A. Rice*, Att'y General, for the State.

WOODWARD, J. — The principal question of the cause arises in this wise: the defendant demurred to the indictment, for that it did not describe an offence under the statute. The sixth section of the prohibitory act of January 22, 1855, (session laws 1855, 61), is that which contains the general prohibition. The amendment of the act, January 28, 1857, as published in the volume of session laws of 1856–7, 231, in section one, repeals the sixth, and not the sixteenth, section of the act of January, 1855. But on looking to the original, in the office of the secretary of state, it is found to repeal the sixteenth, and not the sixth, section. The act of January 28, 1857, (the amending act), provides that it shall take effect by publication in two newspapers, and the secretary's certificate affixed according to law, certifies that it was so published. The original act in the secretary's office, is the ultimate proof of the law, whatever errors there may be in what purports to be copy thereof; and the court will inform itself, and take cognizance of the true reading of the statute.

Another objection made to the indictment is, that it alleges that defendant sold the one gallon of intoxicating liquor, "for the sum of about one dollar and twenty-five cents." It may be doubted whether this uncertainty as to the price, would create a doubt in the indictment, even at common law, since the amount paid is entirely immaterial; but when we look at it under the provisions of our statute in relation to indictments, the objection disappears. Code, section 2916.

The demurrer of the defendant, and his motion in arrest of judgment, were correctly overruled by the court below, and the judgment is affirmed.