BOWEN v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

Division One, December 11, 1893.

1. **Revised Statutes, 1889:** INCORPORATION OF VOID ACT: RAILROAD: BLOCKING RAILS. The act of the legislature of 1887 (Laws, p. 14, extra session) requiring railroads to block their switches, frogs and guard rails by the best known appliances, being unconstitutional because it was not within the subjects designated by the governor in calling the extra session at which it was passed, is not rendered valid by the mere fact of its insertion by the revision committee in the revision of 1889, as sections 2627, 2628.

2. ———: ———: ———: ———. Nor does the fact of such insertion in the revision of 1889 make out a *prima facie* case of validity as to said act in the absence of evidence showing its re-enactment at a subsequent regular session of the general assembly. (Per BLACK, C. J., and BRACE, J.)

3. **Statutes:** JUDICIAL NOTICE: ORIGINAL ROLLS. When on appeal the existence of a statute is in question, the court is not confined to the statutes as they are published, but may examine the rolls in the office of the secretary of state, though they were not pleaded nor produced in evidence at the trial, since courts are required to take judicial notice of the statutes. (*Ibid.*)

*Appeal from Gasconade Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED.

*H. S. Priest* and *W. S. Shirk* for appellant.

(1) The act of the general assembly passed at its extra session convened May 11, 1887 (Acts Extra Session, 1887, pp. 14, 15), is unconstitutional and void. The general assembly had no power or authority to pass the act at such extra session. *Wells v. Railroad*, 19 S. W. Rep. 530. (2) Said act is unconstitutional for the further reason that the title is misleading, and contains no suggestion of the provisions of the second section. It contains two distinct subjects, and only one of them is referred to in the title. Constitution of Missouri, art. 4, sec. 28; *State ex rel. v. Miller*, 100 Mo. 446; *Hatfield v. Commonwealth*, 120 Pa. St. 395; *Church v. Detroit*, 31 N. W. Rep. 447. (3) Article 2, chapter 42, Revised Statutes, 1889, although listed as a "revised bill;" in the list of revised and unrevised bills, in the back of volume 2, Revised Statutes, 1889, never was, in fact, revised or passed as a revised bill. (4) The act of the revising committee, in placing this act in the Revised Statutes of 1889, as sections 2627 and 2628, chapter 42, Revised Statutes, 1889, did not give it validity or cure it of its original infirmity. Revised Statutes, 1889, secs. 6606, 6608; *City v. Riley*, 52 Mo. 424; *State ex rel. v. Heidorn*, 74 Mo. 410; *Barr v. Flynn*, 20 Mo. App. 383. (5) But even if it were true, that it became a part of a revised bill passed in 1889, and that placing it in the Revised Statutes, 1889, gave it the force of a new enactment, and cured its original infirmity, still the act would be null and void for uncertainty. The first section does not prescribe with sufficient clearness or certainty what a railroad company shall do to avoid the penalty fixed by the second. *Railroad v. Dey*, 35 Fed. Rep. 866; Potter's Dwarris on Stats. [Ed. 1871] 99, 247; *United States v. Sharp*,

1 Pet. C. C. 118; *Railroad v. Commissioners*, 19 Fed. Rep. 679; *McConville v. Mayor*, 10 Vroom (N. J.), 38; *Ex parte Jackson*, 45 Ark. 158; *Fletcher v. Sondes*, 3 Bing. 586. (6) The demurrer to the plaintiff's evidence should have been sustained for the further reason that said evidence wholly failed to show that plaintiff's foot or feet were caught in the guard rail. The fact that his legs were mashed into the opening between the guard rail and the main rail is not sufficient. *Rutledge v. Railroad*, 110 Mo. 312.

*Ryors & Vosholl* and *I. W. Boulware* for respondent.

(1) Revised Statutes, 1889, secs. 2627, 2628 are *prima facie* valid and binding laws and it devolves on one assailing them to show by proper evidence that some constitutional requirement has not been complied with. Not a scintilla of evidence in this regard was offered on the trial. *State v. Wray*, 109 Mo. 594. (2) The evidence in this case shows that the law in question was, at the general revising session of 1889, passed as a revised bill with all the forms of the constitution in such cases required, and duly promulgated. Constitution of Missouri, art. 4, sec. 41; General Statutes, 1889, p. 2229; *Ibid.* sec. 2628, p. 666. (3). The provisions of the constitution as to what shall be contained in the title of an act are not applicable to bills of the kind at bar, passed or revised at a general revising session. *State v. McDaniel*, 19 S. C. 114; *State v. Brassfield*, 81 Mo. 151, and authorities cited. This case is conclusive on this point. *In re White*, 51 Neb. 287. (4) The law in question was revised by the revising legislature of 1889. This fact is so stated, certified and officially promulgated. (Revised Statutes, 1889, p. 2229.) And this since the decision in

case of *Wells v. Railroad*, 110 Mo. 286. (5) The law in question was re-enacted, revised and incorporated in and as a part of chapter 42 of Revised Statutes. Had it not been incorporated in the revision, this omission would have amounted to a repeal thereof, at least by implication. *Barr v. Flynn*, 20 Mo. App. 383. (6) There is nothing in the positions of appellant wherein it contends that "the title is misleading," and that the law is "null and void for uncertainty." *Wells v. Railroad*, 110 Mo. 286. (7) Sections 2627 and 2628, of Revised Statutes of 1889, page 666, upon which this suit is based, were in full force and effect when the injury complained of was committed; the petition states a cause of action, the material allegations were proved, the law correctly declared and the finding and judgment were for the right party. (8) No legislative enactment should be declared unconstitutional, unless clearly so, and every reasonable intendment should be made to sustain it. The law in question is valid and constitutional. Constitution, art. 4, secs. 41, 28; *State ex rel. v. Hardware Co.*, 109 Mo. 118; *State ex rel. v. County Court*, 102 Mo. 531; *State v. Mathews*, 44 Mo. 523; *State ex rel. v. Mead*, 71 Mo. 266; *State ex rel. v. Shepherd*, 74 Mo. 310; *Ewing v. Hoblitzelle*, 85 Mo. 64; *Miller v. Dunn*, 1 Am. St. Rep. 67; *Wells v. Railroad*, 110 Mo. 286. (9) This court will so construe statutes as to carry out the meaning and intention of the legislature. Sedgwick on Statutory and Constitutional Law, p. 194; *Riddick v. Wash*, 15 Mo. 519; *Schultz v. Railroad*, 36 Mo. 13; *Wear v. Bryant*, 5 Mo. 147; *Tilden v. Johnson*, 5 Mo. 179. (10) The deceased, William E. Barron, was not guilty of contributory negligence after knowledge that the guard rail was not filled or blocked. *Conroy v. Iron Works*, 62 Mo. 35; *Stoddard v. Railroad*, 65 Mo. 514; *Thorpe v. Railroad*, 89 Mo. 650; *Keegan v. Kavanaugh*, 62 Mo. 230.

BLACK, P. J.—The plaintiff brought this action to recover damages for the death of her husband, who was a switchman in the employ of the defendant, at its yards in the town of Chamois.   The substantial averments of the petition are, that defendant failed and neglected to have the space between a guard rail and a track rail blocked, by reason of which the foot of deceased was caught, causing injuries from which he died on the same day, that is to say, the twenty-fourth of March, 1891.

The petition is based on the act of the sixteenth of June, 1887, passed at the extra session of the general assembly of that year, entitled "an act to provide for the prevention of accidents to railroad employees and others, by requiring that switches, frogs and guard rails be properly blocked."   The act contains two sections, both of which were carried into the Revised Statutes of 1889, and appear there as sections 2627, 2628.

The validity of these sections is assailed by the defendant, and this presents the first and principal question in the case.   In *Wells v. Railroad*, 110 Mo. 286, we held the above mentioned act unconstitutional and, therefore, void, because the subject-matter of the act did not come within the subjects of legislation designated in the proclamation of the governor calling the special or extra session, at which it was enacted. It must be taken as now settled that the act was invalid as first passed, and this brings us to the revision of 1889.

According to the schedule of revised and unrevised bills, found in the second volume, at page 2229, chapter 42, which relates to corporations, was passed by way of a revised bill, and sections 2627 and 2628 are a part of the second article of that chapter.   But a diligent examination of the statute rolls in the office of the

secretary of state discloses the fact that article 2 was not passed by way of a revised bill. Indeed, the examination shows that sections 2627 and 2628 were not re-enacted at that session by way of a revised bill or otherwise. The two sections of the act were simply brought forward and placed in article 2 by the committee on revision, which was appointed to compile, arrange and publish the statutes after the adjournment of the general assembly. That committee had no legislative power conferred upon it, for the legislature could not and, indeed, did not attempt to delegate to it any such powers. The fact that the committee brought the said act forward and placed it in the Revised Statutes gave it no validity; and the two sections are void, just as they were when first enacted into the form of a law.

But the respondent insists that as those sections are now found incorporated into the published revised statutes, they are *prima facie* valid and binding laws, and should be held valid here because the defendant did not produce any evidence in the trial court to overcome the *prima facie* proof. The defendant, out of abundance of caution, put in evidence the proclamation of the governor calling the extra session of the general assembly, thus showing the law to be invalid as first enacted. It, of course, remained a void law until re-enacted at some regular session. Now there is nothing in the Revised Statutes to distinguish the revised from the unrevised laws therein copied, save the schedule before mentioned, and that is no part of the statutes. It was placed there for convenient reference, and subserves that purpose, but it is there without any legislative authority, so far as we can see. There is, therefore, nothing in the Revised Statutes to show that those two sections were re-enacted.

But let it be conceded that the laws, as they are

copied into the Revised Statutes, are *prima facie* valid and existing laws, still it does not follow that we must stop with this evidence. It is a well settled rule that courts of justice are bound to take judicial notice of public statutes enacted by the legislature of the state where the courts are held. Such statutes cannot "be denied by a plea of *nul tiel record;* and the existence of a public act is determined by the judges themselves, who, if there be any difficulty, are to make use of ancient copies, transcripts, books, pleadings, or any other memorial, to inform themselves." Sedgwick on Construction of Statutory and Constitutional Law [2 Ed.], p. 26. Mr. Justice MILLER concludes the opinion of the court in *Gardner v. Collector*, 6 Wall. 499, with these words: "We are of opinion, therefore, on principle, as well as authority, that, whenever a question arises in a court of law of the existence of a statute, or of the time when a statute took effect, or of the precise terms of a statute, the judges, who are called upon to decide it, have a right to resort to any source of information, which, in its nature, is capable of conveying to the judicial mind a clear and satisfactory answer to such question; always seeking first for that which, in its nature, is most appropriate, unless the positive law has enacted a different rule." So the court may inform itself of the true reading of an act by an examination of the original on file in the office of the secretary of state. *Clare v. State*, 5 Iowa, 509.

These authorities are sufficient to show that, when the existence of a public statute of this state becomes a question before us, we are not confined to the statutes as they are published, but we may examine the rolls in the office of the secretary of state, and this, too, though such rolls were not produced in evidence.

It is unnecessary to either plead or make proof of a public statute, for the courts must take judicial notice

of them.　The statute rolls in the office of the secretary of state are the primary and best evidence; and, as it appears from an examination of them that the two, sections in question were not re-enacted, there is nothing left for us to do but declare them invalid, void.

We are asked to reverse the judgment without remanding the cause; but we think it should be remanded to the end that the plaintiff may have an opportunity to amend her petition if advised so to do. The judgment is reversed and the cause remanded. All concur; BARCLAY and MACFARLANE, JJ., in the result.

### SEPARATE OPINION.

BARCLAY, J., and MACFARLANE, J., concur in reversing and remanding, in view of the fact that the validity of the statute, as part of the Revised Statutes of 1889, was expressly raised in the trial court by the defendant, and hence becomes a legitimate matter for review here in the exercise of appellate jurisdiction.