W. B. PENROSE v. S. W. COOPER *et al.*

No. 14,219. (81 Pac. 489.)

SYLLABUS BY THE COURT.

1. TAX DEED—*Defective on its Face—Recorded Five Years —Setting Aside.* A tax deed, based upon a certificate assigned by the county, which recites that the property conveyed could not be sold at the tax sale for the amount against it, and was bid off by the county treasurer, but omits to state the amount for which it was bid off or that it was bid off for the county, is defective upon its face and may be set aside on that account, even after it had been of record for five years. (See *post,* p. 725.)

2. EJECTMENT—*Plaintiff's Title—Voidable Tax Deed.* One who brings ejectment against the holder of a voidable tax deed, although he fails to prove a good paper title, may recover upon a showing that up to the time the defendant took possession under his tax deed the plaintiff and those under whom he claims had for several years held peaceable possession of the property in controversy under a claim of ownership.

Error from Sedgwick district court; DAVID M. DALE, judge. First opinion filed July 7, 1905. Affirmed. Rehearing granted September 22, 1905. Second opinion filed January 6, 1906. Original opinion modified, and judgment reversed.

*S. W. Shattuck, jr.*, for plaintiff in error.

*J. A. Brubacher*, for defendants in error.

The opinion of the court was delivered by

MASON, J.: S. W. Cooper brought an action against W. B. Penrose for the possession of two town lots, and recovered judgment, from which the defendant prosecutes error. The claim of Penrose was based upon two tax deeds, one of which had been of record for more than five years. Cooper claimed to hold title by a chain of conveyances running back to the patentee from the federal government. The important questions presented are whether the tax deeds were good upon their face, and, if not, whether the plaintiff showed that he had any standing to question their validity.

The tax deeds were similar in form, and were based upon certificates assigned by the county. The most serious objection made to them has to do with the recital relating to the lots' being bid off by the county. The statutory form of tax deed adapted to such a case contains this language:

"And whereas, at the place aforesaid, said property could not be sold for the amount of tax and charges thereon, and was therefore bid off by the county treasurer for said county for the sum of ——— dollars and ——— cents, the whole amount of tax and charges then due." (Gen. Stat. 1901, §7676.)

The corresponding part of the tax deeds in question reads:

"And, whereas, at the place aforesaid, said each respective piece or parcel of said real property could not

46—71 KAN.

be sold for the several sums of money, dollars and cents, placed opposite each respective piece or parcel of said real property as follows [giving descriptions and amounts], being the whole amount of tax and charges on each tract or parcel as aforesaid, the same was bid off by the county treasurer of said county."

The deeds fell short of a full compliance with the statute in that they failed to say for whom or for how much the property was bid off by the county treasurer. It is true that the treasurer could not legally have bid it off for any one except the county or for any price except the full amount of taxes and charges due against it, and these considerations might seem to aid the deeds and make their recitals substantially equivalent to those of the statute. The same line of argument, however, would dispense with the necessity for any recital at all with regard to this matter. The essential condition necessary to give the county authority to assign a certificate to a later purchaser is that the property has failed to sell at public auction for want of bidders, and this was fully set forth in these deeds. The purchase by the county is an affair of theory, requiring for its consummation no palpable act of any officer. The only contract involved is a constructive one. The new relation of the county to the property results by operation of law. In the absence of statutory provision, doubtless the transaction is not one that would need to be recited in order to show jurisdiction to issue a tax deed. To say that the property was bid off by or for the county gives no real information as to the steps actually taken; the statement seems purely formal, and of no practical importance. But because the legislature has seen fit to include a reference to it in the prescribed form it may not be ignored in the deed, and the same reasons that render it imperative that it shall be referred to at all make it necessary that the reference shall be in substantial conformity with the statute.

In the present case there was a plain departure from the requirement of the statute. Recitals that the treasurer in bidding off the property acted for the county, and that it was bid off at the amount of the taxes and charges due, may appear of little real consequence, but because they are contained in the statutory form their omission made the deeds defective. As the defect was apparent on the face of the instruments it could be taken advantage of, even after the lapse of five years. (*Gibson v. Kueffer,* 69 Kan. 534, 77 Pac. 282.)

The plaintiff attempted to trace his title back to the United States, but can hardly be said to have succeeded, for it is doubtful whether the grantors in several of the conveyances relied upon were identified with the grantees in the preceding ones, and one form of description employed was probably so uncertain as to make the deeds in which it occurred inoperative. An objection was also urged against other deeds upon the ground that the names of the grantees were inserted after delivery, but this was shown to have been done with due authority. Granting that the plaintiff wholly failed to show a good paper title, he nevertheless proved enough to enable him to question the validity of the defendant's tax titles, for it was shown that for some years prior to the time the original holder of the tax deeds took possession of the property it had been occupied under a claim of ownership by the plaintiff and those under whom he claimed. Possession under such circumstances is said to be not only evidence of title but to constitute in itself title in a low degree. (*Christy v. Richolson,* 48 Kan. 177, 29 Pac. 398.) The fact that the plaintiff had lost possession of the property before the commencement of the litigation does not affect his right to rely upon this principle.

"The possession acquired by the plaintiff in order to recover in ejectment, where his documentary evi-

dence is lacking, does not go to the extent demanded in order to ripen an adverse possession into legal title. He is entitled to recover against the defendant on the strength of his prior actual peaceable possession of the premises under claim of ownership, apart from the validity or sufficiency of the muniments of title introduced by him as against a mere trespasser on the land or one claiming only under a later possession." (10 A. & E. Encycl. of L. 486.)

"Ejectment may be maintained upon the prior possession of plaintiff, or of parties through whom he claims, such possession being a sufficient *prima facie* title. Accordingly where no legal title is shown in either party the party showing prior possession in himself or those through whom he claims will be held to have a better right. Thus it has been held that plaintiff upon such a showing may recover in ejectment against a defendant who shows no better right or title . . . whose title or claim is invalid . . . or who relies solely upon a later possession." (15 Cyc. 30.)

"What title to the land must the party show in himself before he shall be permitted to attack the tax deed? The object of the act [requiring one attacking a tax title to show title in himself] was to prevent a mere stranger and wrong-doer, who could lose nothing by the tax sale, from interfering with it, or defending against it. The circuit court decided that possession, with a claim of title, was sufficient evidence that the party 'had title to the land.' In this we have no doubt that court was correct. That would be sufficient evidence of title as against an intruder or trespasser, even to maintain ejectment." (*Curry v. Hinman,* 11 Ill. 420, 430.)

(See, also, 45 Cent. Dig. [§ 1580], cc. 2145-2148; Black, Tax Tit., 2d ed., § 430; 25 A. & E. Encycl. of L., 1st ed., 731; 21 Encyc. Pl. & Pr. 485.)

Other questions have been raised, but are not thought to require discussion. The judgment is affirmed. The plaintiff in error may, however, still claim the benefit of the occupying-claimant act.

All the Justices concurring.

Penrose v. Cooper.

## OPINION ON REHEARING.

### No. 14,219.   (84 Pac. 115.)

#### SYLLABUS BY THE COURT.

1. TAX DEED—*Recorded Five Years—Defective Recitals—Validity.* Where a tax deed has been of record for more than five years it will not be held to be void because of the omission of express recitals required by the statute, if the substance of such omitted recitals can be supplied by inferences fairly to be drawn from statements elsewhere made in the deed, by giving to the language employed a liberal interpretation to that end.

2. —— *Omission of Statutory Recitals Supplied by Inference.* In the case of such a deed, based upon a certificate assigned by the county, and reciting that the property conveyed was bid off by the county treasurer, the omission of express recitals of the amount for which it was bid off, and that it was bid off for the county, may be supplied from the statements that the property could not be sold at the tax sale for the amount against it and that a tax-sale certificate was afterward issued by the treasurer and assigned by the county clerk upon the payment of an amount equal to the cost of redemption.

3. —— *Several Tracts—Separate Offers to Sell—Recitals Sufficient.* In the case of such a deed, which includes several distinct tracts, the omission of an express recital that such tracts were offered for sale separately for the amount due against each respectively may be supplied from statements that the property was exposed to sale in conformity to the statute and that each tract could not be sold for the amount against it.

The opinion of the court was delivered by

MASON, J.: The trial court sustained objections to the admission in evidence of two tax deeds offered by the plaintiff in error. Upon the original hearing in this court this action was approved upon the ground that the deeds, which were based upon certificates assigned by the county, were void upon their face because of their omission to recite that the county treasurer in bidding off the property at the sale acted for the county, and that he bid the amount of taxes and

charges then due. A rehearing was granted for the purpose of giving further consideration to the question of whether, in the case of one of the deeds, which had been of record for more than five years when the litigation was begun, the substance of the omitted recitals might not be deemed to be covered by inferences fairly to be drawn from other statements that it contained, by the use of that liberal interpretation to which deeds of this class are entitled. Upon such consideration the court concludes that this deed, although informal and defective by reason of the omissions noted, may be upheld by the aid of the presumptions to be indulged in its support after it has remained of record and unassailed for five years. The deed recites that the property could not be sold for the amount against it and was bid off by the county treasurer. To give effect to these recitals they will be construed as meaning that the property could not be sold for want of individual bidders and was therefore bid off by the county treasurer for the county. This interpretation is aided by the subsequent statement that thereafter the county treasurer issued, and the county clerk assigned, a tax-sale certificate for the property, as these acts could have had no place in the proceedings preliminary to the issue of the tax deed if the original purchase had been made by the treasurer otherwise than for the county. The purchase in behalf of the county could only be made for the full amount charged against the property, which is shown in the deed. This consideration, together with the statement that the certificate was afterward executed upon the payment of an amount equal to the cost of redemption, will be deemed to supply the omission of a formal recital that the property was bid off by the treasurer for the amount of taxes and charges due against it.

The deeds are also defective in another respect. Each includes several separate tracts. There is no distinct and express recital in either, as there should

be, that each tract was separately offered for sale for the amount against it. The recitals bearing upon this matter are as follow:

"And whereas, the treasurer of said county did . . . expose to public sale, . . . in substantial conformity with all the requisitions of the statute in such case made and provided, the real property above described, for the payment of taxes, interests and costs then due and remaining unpaid upon each separate tract or parcel as above described; and whereas . . . said each respective piece or parcel of said real property could not be sold for the several sums of money, dollars and cents, placed opposite each respective piece or parcel of said real property as follows [stating the amount against each tract], being the whole amount of tax and charges on each tract or parcel as aforesaid, the same was bid off by the county treasurer of said county."

In the case of the five-year-old deed, adopting as before a liberal rule of construction of the language employed, in view of the fact that no attack was made upon it within the period of limitation fixed by the statute, the recitals that the property was exposed to sale in conformity to the statute, and that each tract could not be sold for the amount against it, will be regarded as equivalent to a statement that each parcel was offered for sale separately for the proper amount.

The original order of affirmance is therefore set aside, and the judgment is reversed and a new trial ordered, with directions to admit in evidence the five-year-old tax deed.

All the Justices concurring.