## LONA BRANNOCK v. ST. LOUIS, MEMPHIS & SOUTHEASTERN RAILROAD COMPANY, Appellant.

### Division Two, December 22, 1906.

1. **DEMURRER: Answering Over.** By answering over after demurrer overruled, defendant waives the question raised by the demurrer.

2. **UNCONSTITUTIONAL STATUTE: Brought Forward in Revision.** A statute which was declared unconstitutional and afterwards without re-enactment was brought forward in the Revised Statutes, by the committee which was authorized, after the adjournment of the General Assembly, to compile, arrange and publish the existing statutes, is of no force or validity, and is void just as it was when first enacted.

3. ———: ———: **Prima-Facie Valid: Examination of Rolls.** Courts are bound to take judicial notice of public statutes enacted by the General Assembly; and when the existence of a statute becomes a question before the court, it is not confined

200 Sup.—36

to the statutes as they are published, but it will examine the rolls in the office of the Secretary of State, and that it will do though those rolls are not produced in evidence; nor is it necessary either to plead or make proof of the statute, in order that there may be an examination of the rolls to determine the existence of the statute on which plaintiff relies. [Overruling State v. Wray, 109 Mo. 594.]

4. ———: ———: Section 1125: Frog Switches: Injured Brakeman. Plaintiff based his cause of action on sections 1123, 1124, and 1125, Revised Statutes 1899, which provided that railroad companies should, on or after November 1, 1887, use and put into their tracks the best known appliances to fill or block switches, frogs or guard-rails, and giving a switchman a cause of action for failure to do so, and providing that in a suit for damages founded on such failure contributory negligence should be no defense. These sections were held to be unconstitutional because enacted by a special session of the Legislature and pertaining to subjects not embraced in the Governor's call. In 1891, sections 1123 and 1124 were re-enacted, but section 1125 was not, but all three were carried into Revised Statutes 1899. *Held*, that section 1125 was not thereby re-enacted into valid law, and the trial court having, on plaintiff's motion, stricken out defendant's plea of contributory negligence, this court will, as the trial court should have done, examine the rolls in the Secretary of State's office to determine whether said section is existing law; and that examination showing that it is not, the judgment for plaintiff will be reversed.

Appeal from Stoddard Circuit Court—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*L. F. Parker, E. H. Seneff* and *James Orchard* for appellant.

The court erred in refusing to strike out that part of plaintiff's petition pleading section 1125, Revised Statutes 1899; and also committed error in sustaining plaintiff's motion to strike out paragraphs 2, 3, 4 and 5 of defendant's answer, pleading contributory negligence, for the reason that sections 1123, 1124 and 1125 were first enacted at a special session of the Leg-

islature in 1887, called to enact certain laws, and these particular matters not being within the terms of the Governor's call, the statutes were held unconstitutional, and gained no validity by being carried forward into the revision of 1899. Bowen v. Railroad, 118 Mo. 541; Wells v. Railroad, 110 Mo. 286. Sections 1123 and 1124 were re-enacted in 1891, but what is now section 1125 was not re-enacted, and is therefore unconstitutional. Wells v. Railroad, supra.

*Mozley & Wammack* for respondent.

The main contention of appellant is that section 1125, Revised Statutes 1899, under which the plaintiff succeeded in preventing the defendant from pleading contributory negligence, is unconstitutional. Sections 1123, 1124 and 1125, under which plaintiff brought her action, have been held to be unconstitutional, as passed by the special session of the Legislature of 1887, and we shall not attempt to dispute that holding in this case. Wells v. Railroad, 110 Mo. 286. It is conceded by appellant that sections 1123 and 1124 were re-enacted in 1891, and hence were good law at the time of the trial of this case. These three sections were brought forward in the revision of 1889, and in the subsequent case of Bowen v. Railroad, 118 Mo. 541, they were again declared unconstitutional by a divided court, BARCLAY and MACFARLANE, JJ., concurring in the majority opinion in view of the fact that the validity of the statute, as part of the Revised Statutes of 1889, was expressly raised in the trial court, by the defendant, and hence was a legitimate matter for review in this court. In the case at bar, it was not urged by counsel for appellant, at the trial, and no proof was adduced in support of any contention that section 1125 was improperly brought forward in the revision of 1899, and this court is called upon to examine the original rolls of the Revised Statutes of 1899, for the pur-

pose of declaring this section unconstitutional. No evidence was introduced showing its unconstitutionality, and the trial court was not advised by any pleading or motion that appellant then contended, or has ever contended that this section was not properly incorporated in the Revised Statutes of 1899. In the case of the State v. Wray, 109 Mo. 597, the court, through MACFARLANE, J., in discussing this particular question, held that the validity of the statute could not be raised in this way.

BURGESS, P. J.—The plaintiff is the widow of Jason W. Brannock, who, at the time of the injury, January 10, 1903, which resulted in his death, was a brakeman in the employ of the defendant, and while in the discharge of his duty as such he was run over and injured by one of defendant's trains in the yards of defendant in the city of Cape Girardeau and injured, from the effects of which he died on the 13th day of January, 1903. Plaintiff sued for five thousand dollars damages and recovered a verdict and judgment for three thousand dollars. The petition states that deceased was employed by defendant to work in its railroad yards at the city of Cape Girardeau, and while in the discharge of his duty as such employee it became and was necessary for him to throw switches, set brakes, couple and uncouple cars while the same were stationary and in motion upon defendant's railroad tracks, and while engaging in the disposition and placing of cars in said yards and preparing to uncouple a car from a moving train of defendant, at a point in said railroad yards where the defendant's track intersected what was then the main line of the St. Louis & Gulf Railway Co., another corporation, the foot of said Jason W. Brannock became caught and fastened between the main rails and guard-rails, or in a "frog," at the point of junction of said railroad tracks, by reason of which he was thrown upon said

track, and was run upon and over by the cars in said train immediately behind him, and his left leg was bruised, crushed, and mangled, on account of which and the injuries sustained, he died as before stated.

The petition further alleges that by sections 1123, 1124 and 1125, Revised Statutes 1899, it is among other things provided that all corporations, owning or operating any railroad or part of railroad in this State, be, on and after the 1st day of November, 1887, required to adopt and put in use the best known appliances or inventions to fill or block all switches, frogs and guard-rails on their roads in all yards, divisional and terminal stations and where trains are made up, to prevent, as far as possible, the feet of employees or other persons from being caught therein; and further providing that when any employee or other person should be maimed or killed by reason of non-compliance with the provision of said act, then in any suit for damages which might be instituted against the railroad company for such maiming or killing, proof of contributory negligence or carelessness on the part of the employee or other person so maimed or killed should not release such railroad corporation from liability, which act is still in full force and effect; and plaintiff alleges that the defendant violated the provisions and requirements of said act by wholly failing and neglecting to fill or block the switches, frogs and guard-rails at the intersection of said track in their said yard, and that plaintiff's husband was killed by reason of non-compliance on the part of the defendant with provisions and requirements of said act.

Plaintiff alleges that by reason of the death of her said husband as aforesaid, she has suffered damages to the extent of $5,000, for which sum, together with her costs, she prays judgment, in accordance with the statutes in such cases made and provided.

Defendant's answer to plaintiff's petition was first

a general denial; then, a plea of contributory negligence.

Plaintiff then filed a demurrer to defendant's answer, excepting as to the first paragraph thereof constituting a general denial, which demurrer was sustained and defendant saved an exception.

The facts may be summarized as follows:

Deceased was a brakeman in the service of defendant, and had been in its employ from October, 1902, up to the time he was injured, on January 10, 1903; he was thirty-one years old, and in good health; a brakeman's wages were from sixty to sixty-five dollars per month; deceased was attempting to uncouple two cars and fell while doing so and the cars ran over his left leg. Witness Mat Buckner says that deceased went to put his left foot on the brake-beam; "it was a steel brake-beam, and just as he put his foot down, like that, his foot just went right down." This testimony is corroborated by Ben White, who was fireman of the switch engine. He testified that he told Brannock to put off two cars; that he, Brannock, started to do so and caught hold of the lever with his left hand; that witness walked along beside the car as long as he could keep up, and that Brannock did too; and that Brannock began to walk fast, and witness seeing that Brannock was going to hit the crossing he, witness, hollowed to him to look out; that deceased reached over and caught with both hands, and started to put his foot on the brake-beam, but that it slipped off, and he fell down after taking three or four steps.

The evidence also tended to show that Brannock's left foot was badly bruised, and the bottom part of the sole of his shoe that he wore upon the injured foot was doubled up over the upper, part of the heel appearing to be torn from the upper; that there were marks on the upper which looked like it might be the mark of the ball of two rails on each side of the foot and that

in the crossing where the accident occurred there were two frogs in which there were no wedges to prevent a man's foot from being caught.

Defendant's first insistence is that the action is based upon sections 1123, 1124 and 1125 of the Revised Statutes of 1899. That these sections were declared to be unconstitutional in the case of Wells v. Railroad, 110 Mo. 286, because originally passed at an extra session of the Legislature in 1887, the subject thereof not having been designated by the Governor in calling said session; and that while sections 1123 and 1124 were re-enacted in 1891 (Laws 1891, p. 81), and are valid and subsisting statutes, section 1125 has never since been re-enacted, though incorporated in the Revised Statutes of 1899, and is, therefore, unconstitutional and invalid. That therefore the defendant had the right to plead and base its defense on contributory negligence, and the action of the court in overruling defendant's demurrer to that part of plaintiff's petition which pleaded said section 1125 was error, and that the action of the court in sustaining plaintiff's motion to strike out that part of defendant's answer pleading contributory negligence was also error.

With respect to the action of the court in overruling defendant's demurrer to the part of plaintiff's petition indicated, that question is unavailable to defendant here because of the fact that defendant answered over and thereby waived it. [Springfield Engine & Thresher Co. v. Donovan, 147 Mo. 622; Williams v. Railroad, 112 Mo. 463; Walser v. Wear, 141 Mo. 443; Ely v. Porter, 58 Mo. 158; Gale v. Foss, 47 Mo. 276; Scovill v. Glasner, 79 Mo. 449; Coffman v. Walton, 50 Mo. App. 404.]

As to whether or not the court erred in sustaining plaintiff's motion to strike out part of defendant's answer depends upon the constitutionality of said section 1125.

Defendant insists that this section having been de-

clared unconstitutional in Wells v. Railroad, supra, and not re-enacted as were the other sections, it is of no force or effect, and its plea of contributory negligence should not have been stricken out.

An examination of the statute rolls in the office of the Secretary of State discloses the fact that this section was never re-enacted, as were sections 1123 and 1124, but was simply brought forward, and placed in article two, chapter 12, by the committee on revision which was appointed to compile, arrange and publish the Revised Statutes of 1899, after the adjournment of the General Assembly. That committee had no legislative power conferred upon it, nor could such power have been conferred under the Constitution, nor did the Legislature attempt to confer upon it such power. And the fact that the committee brought it forward and placed it in the Revised Statutes of 1899, gave it no force or validity, and the section is void just as it was when first attempted to be enacted into the form of a law.

But plaintiff insists that as this section is found incorporated in the Revised Statutes of 1899, it is prima-facie valid and binding law, and as no evidence was introduced showing its unconstitutionality, and the trial court was not advised by any pleading or motion that defendant then contended that the section was not properly incorporated in said statutes, it must be conclusively presumed that it was enacted in conformity with the State Constitution.

Plaintiff relies upon the case of State v. Wray, 109 Mo. 594, as sustaining this position, and, it must be conceded that it does so, but that case is not in harmony with subsequent decisions of this court. In the case of Bowen v. Railroad, 118 Mo. 1. c. 546, it is said:

"But let it be conceded that the laws, as they are copied into the Revised Statutes, are prima-facie valid and existing laws, still it does not follow that we must

stop with this evidence. It is a well-settled rule that courts of justice are bound to take judicial notice of public statutes enacted by the Legislature of the State where the courts are held. Such statutes cannot be denied by a plea of *nul tiel record;* and the existence of a public act is determined by the judges themselves, who, if there be any difficulty, are to make use of ancient copies, transcripts, books, pleadings, or any other memorial, to inform themselves. [Sedgwick on Construction of Statutory and Constitutional Law (2 Ed.), p. 26.] Mr. Justice MILLER concludes the opinion of the court in Gardner v. Collector, 6 Wall. 499, with these words: 'We are of opinion, therefore, on principle, as well as authority, that, whenever a question arises in a court of law of the existence of a statute, or of the time when a statute took effect, or of the precise terms of a statute, the judges, who are called upon to decide it, have a right to resort to any source of information, which, in its nature, is capable of conveying to the judicial mind a clear and satisfactory answer to such question; always seeking first for that which, in its nature, is most appropriate, unless the positive law has enacted a different rule.' So the court may inform itself of the true reading of an act by an examination of the original on file in the office of the Secretary of State. [Clare v. State, 5 Iowa 509.]

"These authorities are sufficient to show that, when the existence of a public statute of this State becomes a question before us, we are not confined to the statutes as they are published, but we may examine the rolls in the office of the Secretary of State, and this, too, though such rolls were not produced in evidence.

"It is unnecessary to either plead or make proof of a public statute, for the courts must take judicial notice of them. The statute rolls in the office of the Secretary of State are the primary and best evidence; and, as it appears from an examination of them that

the two sections in question were not re-enacted, there is nothing left for us to do but declare them invalid, void.''

In speaking of that case in Ruckert v. Railroad, 163 Mo. l. c. 275, it is said: ''In Bowen v. Railroad, 118 Mo. 541, it was held that when the existence of a statute is in question this court is not confined to the published statutes, but may examine the original rolls in the office of the Secretary of State. Nor is it necessary to plead or make proof of a public statute because courts are required to take judicial notice of it.'' It follows that the court erred in striking out defendant's answer.

In Bowen's case all of Division One concurred, two in the result, and in Ruckert's case all of this division concurred, so that the entire court are agreed as to the law as announced in those cases, and, as State v. Wray, supra, is in conflict with those cases, it should be overruled.

As it necessarily follows from what we have said that the judgment must be reversed, it is deemed unnecessary to pass upon other questions presented upon this appeal, as they may not again arise upon another trial.

The judgment is reversed and the cause remanded. All concur.