W. E. SAUM, *Appellee*, v. A. B. DEWEY *et al.*, *Appellants*.

No. 17,079.

SYLLABUS BY THE COURT.

1. COURT—*Judicial Notice—Public Law.* A court will take judicial notice of a public law in effect generally throughout the limits of its territorial jurisdiction.

2. TAX DEEDS—*Judicial Notice—Public Law.* Where a tax deed is offered in evidence judicial notice will be taken of the adoption of the provisions of chapter 162 of the Laws of 1891 by the county in which the deed is issued.

3. ———— *Purchase by County—Presumptions.* It will be presumed that a tax sale upon which a deed is issued in a county where the provisions of chapter 162 of the Laws of 1891 have been adopted was made under the provisions of that act, where the deed recites that the property was bid off by the county treasurer and the deed has been of record more than five years, although there is no recital in the deed that the provisions of that act have been adopted in the county, and no recital that "at the place aforesaid, said property could not be sold for the amount of tax and charges thereon, and was therefore bid off by the county treasurer for said county" (Laws 1876, ch. 34, §138).

Appeal from Decatur district court. Opinion filed May 6, 1911. Reversed.

*W. R. Hazen,* for the appellants.

*W. E. Saum,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: The only question for decision is whether a tax deed which had been of record for nine years, and during which time the grantee had been in possession of the land, is void upon its face.

The plaintiff contends that the deed is void upon its face because of the recital "whereas, at the place aforesaid said property was bid off by the county treasurer of said county, for the sum of thirteen dollars and six cents, the whole amount of taxes and charges then

due," and the absence of a recital included in the statutory form that "at the place aforesaid, said property could not be sold for the amount of tax and charges thereon, and was therefore bid off by the county treasurer for said county." (Laws 1876, ch. 34, § 138, Gen. Stat. 1909, § 9479.) The argument is that if the sale was made under the general law the treasurer had no authority to bid until it appeared that the property could not be sold for the amount of taxes and charges thereon, which fact must be shown by a recital in the deed; and that if the sale was made under the act of 1891 (Laws 1891, ch. 162, §§ 1–3, Gen. Stat. 1909, §§ 9462–9464) the deed is void for want of recitals showing that the sale was so made.

The district court held that the deed purports upon its face to be issued under the provisions of the general law. As the deed recites that the land was bid off by the county treasurer, and does not recite the facts authorizing such a bid under the general law, it is difficult to see how it purports to show a sale under that law rather than under the act of 1891, which act directs the county treasurer to bid off all lands offered at tax sale in counties where its provisions have been adopted. To hold that the sale was made under that act involves no contradiction of anything contained in the deed. All its recitals are in harmony with such an interpretation. It is true that the deed does not recite that the county had adopted that act, but all reasonable presumptions and inferences must be indulged to support and not to overthrow a tax deed which has been of record more than five years. (*Penrose v. Cooper*, 71 Kan. 720; *Rynearson v. Conn*, 77 Kan. 160; *Kessler v. Polkosky*, 81 Kan. 69.)

A county treasurer may bid off property at a tax sale (1) under the general law when it can not be sold for the amount of tax and charges thereon (Laws 1876, ch. 34, § 114, Gen. Stat. 1909, § 9449), and (2) under the act of 1891, which requires the treasurer to bid off

all lands so offered, no other bids being allowed (Gen. Stat. 1909, § 9463; *Bigger v. Ryker*, 62 Kan. 482). A recital that the land was bid off by the treasurer, in the absence of any recital that it could not be sold, seems therefore to imply that the bid was made under the act of 1891. The sale could not be made otherwise if the act had been adopted in that county. But it is contended that the adoption of the act could only be made to appear by extrinsic evidence, and that a tax deed can not be bolstered up in that manner. On the other hand it is argued that the evidence was not offered to prove any step in the proceedings leading up to the deed, but solely to show what law governed such proceedings. The act referred to declares that:

"The provisions of this act shall apply only to such counties in this state as shall by resolution of their respective boards of commissioners duly adopt the same. Said resolution shall be substantially as follows:

" 'Resolved, That this county adopt and accept the provisions of the act of the legislature of 1891, entitled "An act regulating the sale of real estate for delinquent taxes in such counties as shall adopt the provisions of this act." '

"From and after the adoption of such resolution the following provisions of law shall, as to such counties, govern the enforcement and collection of taxes, in addition to the laws now in force." (Gen. Stat. 1909, § 9462.)

While evidence was received that a resolution as provided in the act had been adopted, it was unnecessary. A court must take judicial notice of public laws in effect generally throughout the limits of its territorial jurisdiction. In *Jones v. State*, 67 Md. 256, in a prosecution arising under a local-option law, which became effective in the county by adoption of the voters at an election, the court said:

"The court takes judicial cognizance of all such laws. Though local they are public and not private laws; and any question affecting the legal existence of the law belongs to the court. It was not necessary therefore

for the indictment to contain a statement of all the formalities necessary to precede the law becoming operative. They were not facts for the jury to pass upon, and had no proper place in the indictment. (*Slymer's Case,* 62 Md. 238, and *Mackin v. State,* 62 Md. 244.)" (p. 258.)

The same view was taken in Georgia in a prosecution arising under the local-option law of that state, where it was held that it is not necessary to prove that such laws are operative in the counties which have adopted them by a vote of the people, but that the court will judicially notice the law and declare that it is in effect. (*Combs v. The State of Georgia,* 81 Ga. 780; *Woodard v. The State,* 103 Ga. 496; *Oglesby v. The State,* 121 Ga. 602.)

A statute of Wisconsin provides that a city operating under a special charter may by ordinance adopt provisions of the general charter act, which ordinance shall operate as an amendment to its charter to that extent. In *Davey v. The City of Janesville,* 111 Wis. 628, the question was presented whether it was necessary to produce evidence of the passage of an ordinance for the purpose named in order to show that a provision of the general charter act was in force. The court said:

"Courts are bound to take notice of the public statutes of the state wherein they are held. . . . Following the rule above stated, it would seem that if, by any process deemed legal, such charter has been amended, this court will be obliged to take judicial notice of such change." (p. 635.)

The question how the adoption of the provisions of a general statute by the voters of a city should be shown was considered in *Prince v. Crocker,* 166 Mass. 347. The court disposed of it briefly by saying: "We assume that such a vote of acceptance was duly passed. This is a fact of which the court should take judicial notice." (p. 358.)

In *Andrews v. Knox County*, 70 Ill. 65, it was held that the court would take judicial notice of the result of an election on the question of the removal of a county seat, where the question was drawn in issue collaterally.    (See, also, *Rauch v. Commonwealth*, 78 Pa. St. 490.)

If an inquiry is necessary to determine when a public law took effect, the investigation is by the judge rather than by the production of evidence at the trial. Thus the journals of the legislature are not read in evidence but are judicially noticed and examined by the court to determine whether a statute was constitutionally passed.    (*Division of Howard Co.*, 15 Kan. 194.) Judicial notice will also be taken of the date when a public statute takes effect.    Where a statute provided that it should be in force one month after the transmission of a copy to each of the courts in the state, the date of the transmission to be recorded in the office of the secretary of state, it was held that evidence of the date of such promulgation was unnecessary.    The court said:

"The tribunals of justice are required to know, and bound to take notice of public laws, whether brought under their attention or not.    The discharge of this duty necessarily implies a knowledge of the time of publication; or supposes the means of attaining it, without parties proving the fact." (*L'Eglise v. Brenton et als.*, 3 La. 435, 436.)

In this state the greater number of statutes are made to take effect by publication in a newspaper, and a certificate of the secretary of state that such publication has been made, and the date thereof, is required to be attached to each enrolled bill, which is declared by the statute to be evidence thereof (Gen. Stat. 1868, ch. 56, § 3, Gen. Stat. 1909, § 4723), but it will not be claimed that it is necessary to produce such certificate or an official copy in evidence before a court can give effect to the statute.

The doctrine of judicial notice does not imply the rejection of evidence, but it implies the acceptance of a matter as proved without requiring a party to produce the evidence. (4 Wig. Ev. §§ 2566, 2567.) Thus the existence of a statute rests upon evidence which is usually the enrolled bill, which need not be produced, but if questioned it may, together with the journals of the legislature, be examined by the court. (*Division of Howard Co.*, 15 Kan. 194.) Judicial notice does not preclude but invites judicial investigation, if necessary to reinforce previous actual knowledge. Its wise application in practice is wholesome, tending to uniformity and certainty, and promoting economy of expense and time.

"It is an instrument of great capacity in the hands of a competent judge; and is not nearly as much used, in the region of practice and evidence, as it should be. This function is, indeed, a delicate one; if it is too loosely or ignorantly exercised it may annul the principles of evidence and even of substantive law. But the failure to exercise it tends daily to smother trials with technicality, and monstrously lengthens them out." (Thayer, A Prelim. Treatise on Ev. at the Com. L., p. 309.)

The decisions are not uniform upon the proposition that judicial notice may be taken of the local adoption of a general law (16 Cyc. 892; 7 Encyc. of Ev. 963), but for the reasons given it is held that the act of 1891 was in force in Decatur county when the tax sale in question occurred, of which fact the district court of that county might take judicial notice, and that the recitals in this deed, in the light of presumptions indulged in the situation here presented, are sufficient.

A tax deed containing the same recitals, and also of record for over five years, was held sufficient in *Gibson v. Branstool*, 82 Kan. 59. But as the question arising upon the admission of evidence to prove the adoption of the act of 1891 was not raised in that case, the

matters there decided have been reconsidered, and the decision is followed.

It is also contended that the tax deed is void because the assignment of the certificate was made for a sum less than the cost of redemption at that date. By an exact computation the amount due was $20.297. By rejecting the fractions of a cent in the computation the amount would be slightly less than the sum received. This is within the rule declared in *Troyer v. Beedy,* 79 Kan. 502, and *Gibson v. Branstool,* supra.

Upon the findings of fact the judgment should have been for the defendants for costs. The judgment for the plaintiff is therefore reversed and the cause remanded with directions to enter judgment for the defendants.                 \