R. F. CRICK, *Appellee*, v. A. F. JONES et al.
(A. F. JONES, *Appellant*).

No. 17,595.

SYLLABUS BY THE COURT.

TAXATION—*Tax Sale—Tax Deed—Recitals.*   Where a tax sale
was made to the county under the provisions of chapter 162
of the Laws of 1891 (Gen. Stat. 1909, §§ 9462-9464) the statu-
tory form theretofore prescribed for tax deeds when the land
was bid off for the county (Gen. Stat. 1909, § 9479) is not
strictly applicable in every respect, and a tax deed reciting
facts showing a sale under the act of 1891, containing a re-
cital that the property was bid off by the county treasurer
for the whole amount of taxes and charges due thereon, is not
made void upon its face by the omission of a recital of the
amount of such bid, the deed having been of record for more
than five years.

Appeal from Pratt district court.   Opinion filed
May 11, 1912.   Reversed.

*Frank L. Martin,* for the appellant.

*L. G. Turner,* and *R. F. Crick,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: This action is in ejectment.   The right
of the appellant to the title and possession of the prop-
erty depends upon the validity of a tax deed based
upon proceedings under chapter 162 of the Laws of
1891, providing that in counties adopting its provisions
the county treasurer shall bid in all lands advertised for
sale for taxes for the amount of the taxes and charges

thereon and that no bids shall be received by him. (Gen. Stat. 1909, §§ 9462-9464.)

The tax deed contains among others the following recital:

"And whereas, on the third day of September, A. D. 1895, by virtue of and in pursuance of a resolution of the Board of County Commissioners of said County, adopted and accepted July 9, A. D. 1891, in conformity with Chapter 162 of the Session Laws of 1891, on the first Tuesday of September, A. D. 1895, at the County Seat of said County, in substantial conformity with all the requisitions of the statute in such cases made and provided, the real property above described, was bid off by the County Treasurer for said County, for the whole amount of taxes and charges then due thereon."

It is contended that the deed is void upon its face because of the omission of a recital of the amount of the county treasurer's bid as provided in the statutory form prescribed in cases where lands are bid off for the county, viz.:

"And whereas, at the place aforesaid, said property could not be sold for the amount of tax and charges thereon, and was therefore bid off by the county treasurer for said county for the sum of —— dollars and —— cents, the whole amount of tax and charges then due." (Gen. Stat. 1909, § 9479.)

No defect other than the omission referred to is pointed out, and the deed will be considered sufficient in other respects.

The statutory form for tax deeds was prescribed long before the act of 1891 took effect, and the appellant argues that the form is therefore not applicable. In a case where property was bid off to the county because it could not be sold for the amount of taxes and charges thereon, it was held by this court that an omission of a recital of the amount of the bid was fatal to the deed even after five years. But it was said:

"The purchase by the county is an affair of theory, requiring for its consummation no palpable act of any officer. The only contract involved is a constructive

Crick v. Jones.

one. The new relation of the county to the property results by operation of law. In the absence of statutory provision, doubtless the transaction is not one that would need to be recited in order to show jurisdiction to issue a tax deed. . . . But because the legislature has seen fit to include a reference to it in the prescribed form it may not be ignored in the deed." (*Penrose v. Cooper,* 71 Kan. 720, 722, 81 Pac. 489.)

The opinion on rehearing (71 Kan. 725, 84 Pac. 115) did not affect this principle.

The same result was reached in *Robidoux v. Munson,* 75 Kan. 207, 88 Pac. 1085, and other cases. The reason for these decisions is the mandate of the statute, and not any supposed benefit to the landowner. Proceedings under the act of 1891 present a situation different from any existing or possible before its adoption. No form of deed was prescribed in proceedings under the later act, and so it is permissible, in order that the recitals may be true, to vary the form. Under the general law the property is bid off by the county treasurer when it can not be sold for the taxes and charges, but under the act of 1891 the treasurer is required to bid it off in any event, no other bids being allowed. In *Saum v. Dewey,* 84 Kan. 811, 115 Pac. 570, where a tax deed recited that the land was bid off by the county treasurer and did not recite the facts authorizing such bid under the general law, a sale under that act was implied from the other recitals, and a deed which had been of record over five years was upheld. A sale to the county for want of bidders was contemplated in the statutory form. But under the act of 1891 there can be no bidders except the county treasurer. A departure from the statutory form in such a case is therefore proper. A tax deed need not be in the exact statutory form, but the form should be varied that it may state the truth. (*McCauslin v. McGuire,* 14 Kan. 234.) If everything substantially required by the statute as to form is found in the deed it will be *prima facie* valid although some immaterial words are omitted. (*Mack*

*v. Price*, 35 Kan. 134, 145, 10 Pac. 521.) A slight or unimportant departure from the statutory form will not invalidate a tax deed. (*Martin v. Garrett*, 49 Kan. 131, 30 Pac. 168.) It was held in the Penrose case on rehearing that a formal recital that the property was bid off for the county for the amount of taxes and charges assessed against it would be deemed to be supplied by other recitals which were referred to in the opinion. The deed under consideration here recites every fact necessary to show a compliance with the act of 1891, pursuant to which it was issued. As some of the recitals in the statutory form are inapplicable under this act and may be changed, no good reason appears why the departure may not extend to an omission of a statement of the amount, it being unimportant to the public, of no benefit to the landowner, and not required by the statute. The rule declared in the Penrose case requiring a statement in the deed of the amount of the bid, based as it is entirely upon the prescribed form, should be limited to sales under the general law when applied to deeds which have been recorded more than five years. Tax sales under the later statute are made upon other conditions and are not strictly within the purview of the form. The recitals in this deed show a compliance with the law under which the sale was made and follow generally the statutory form.

It is argued that there is no better reason for the requirement that the amount shall be stated in a deed made upon a sale under the general law than where it is under the act of 1891, but in the one case there is the positive legislative requirement and in the other there is not.

Under the liberal rule so often stated by this court relating to tax deeds which have been of record more than five years, the deed under consideration is not void upon its face. The judgment of the district court, having been based upon the contrary conclusion, is reversed with directions to enter judgment for the defendant.