### DYER v. SHAW et al.

No. 19004.   Opinion Filed Oct. 22, 1929.

James Dyer, for petitioner.

Edwin Dabney, Atty. Gen., Wm. Murphy, Asst. Atty. Gen., and Bierer & Bierer, for respondents.

RILEY, J. The petitioner, as a member of the House of Representatives, by original action filed in this court December 10, 1927, seeks a writ of mandamus to compel the respondents, as state officers, to audit, certify, and allow his claim, duly filed and based upon per diem salary and mileage for attendance at an alleged meeting of the House of Representatives of the state of Oklahoma beginning December 6, 1927.

Petitioner recites in paragraph 4 of his petition that H. Tom Kight, E. P. Hill, Robert Graham, and Tom Johnson, duly elected and qualified members of the Eleventh Legislature of the state of Oklahoma, did, on the 21st day of November, 1927, issue their formal call and command to this plaintiff and to all other members of the House of Representatives of the Eleventh Legislature commanding them to assemble at the State Capitol on December 6, 1927, as a legislative body for impeachment purposes, and that in compliance with said command plaintiff did attend such meeting, etc.

The respondents have answered, admitting the allegations of the petition, except that they deny the claim sued on is chargeable to the state of Oklahoma, and cite, in support of their contention, Simpson v. Hill, 128 Okla. 269, 263 Pac. 635.

The State Auditor has indorsed upon the claim filed that the same is rejected on account of the opinion of the Supreme Court in cause No. 18968, Simpson v. Hill et al., and also a restraining order in cause No. 54484 issued out of the district court of the 13th Judicial District of the state of Oklahoma.

We adhere to the rule announced in Simpson v. Hill, supra, which in substance is (1) That the Legislature is possessed of no inherent power to convene itself in extraordinary session for any purpose, for the reason that by the Constitution, article 6, section 7, article 4, section 1, and article 5, section 27, such power is vested in the Governor; (2) that the act known as Initiative Petition No. 79, purporting to give power to the Legislature to convene itself, "was not submitted as a constitutional amendment, and certainly cannot be considered as such." Simpson v. Hill, supra, on rehearing, p. 278. In that decision the Supreme Court took judicial notice of the records concerning Petition No. 79, filed in the office of the Secretary of State. Such records reveal that said petition for the submission of said act contained 44,105 legal signers, which constituted eight per cent. of the legal voters voting at the last general election held in the state of Oklahoma, which was sufficient in number to submit the proposed act as a legislative measure, but insufficient to submit the same as a constitutional amendment where 15 per cent. of the highest number of votes previously cast (514,616) would be required to submit the same as such. Article

5, sec. 2, Constitution. Wherefore this court knew to a mathematical certainty that said initiative measure was not and could not be a constitutional amendment.

In that decision we concluded:

"It is elementary that when the constitutional mandate says one thing and a statute says a directly opposite or contrary thing, the Constitution must be adhered to and the statute must fall."

Now, as to whether we were justified in taking judicial notice of the records on file in the Secretary of State's office, we were then and are now of the opinion that it was and is the duty of the court to find the measuring rule by which rights are to be adjudicated from the best sources available. The law is the working tool of the court by which rights are to be moulded. Should the court be blind to the instrument, or merely to the balance struck? We hold to the latter.

15 R. C. L. 1064, reads as follows:

"* * * Since the very purpose of the existence of the courts is for the enforcement of the law, in order to fulfill this purpose it is obvious that they must know judicially what the law is that they are to enforce."

And further, on p. 1066:

"Naturally the laws of a state are judicially noticed by the courts of that state, for such is the purpose of their existence. * * * Every fact upon which, in any view, depends the question whether a document purporting to be a statute has, by legislative action, been invested with the force of law, is, in its nature, a public fact and will be noticed by the court in determining what is and what is not the law of the state. * * * The courts may take judicial notice of all facts leading up to, coincident with, and in any way connected with the passage of the act." State v. Bailey, 16 Ind. 46, 79 Am. Dec. 405; Osburn v. Staley, 5 W. Va. 85, 12 Am. Rep. 640.

36 Cyc. 1236, states:

"Courts will take judicial notice of all general or public domestic statutes, and they need not be specially pleaded." U. S. v. Denver, etc., R. Co. 11 N. M. 145, 66 Pac. 550, 191 U. S. 84, 24 S. Ct. 33, 48 L. Ed. 106.

23 C. J. 129, states the rule that:

"Judicial knowledge of a statute includes * * * everything near or remote that determines what is and what is not a public law of the state or a part of the Constitution." Prohibitory Amendment Cases, 24 Kan. 700.

In Hunter v. Ferguson, 13 Kan. 475, it is said:

"We are bound to know that our own laws are without any proof thereof. * * * We are bound to take judicial notice of everything that will in any manner aid us in determining what our own laws are."

Knowledge of the law is the essence of the judicial office. Jones v. U. S., 137 U. S. 202, 11 S. Ct. 80, 34 L. Ed. 691.

If a particular judge does not know what the law is on a given point, as where a statute is recent, it is his duty to ascertain. Saum v. Dewey, 84 Kan. 811, 115 Pac. 570, In so doing he may resort to any source of information which he thinks enlightening and trustworthy, such as documents in the office of the Secretary of State. Clare v. State, 5 Iowa, 509; Bowen v. M. P. Ry. Co., 118 Mo. 541, 24 S. W. 436; 23 C. J. 170.

Corpus Juris states the rule that courts will not assume ignorance of, or exclude from their knowledge, matters which are known to all persons of intelligence. 23 C. J. 60.

The writ is denied.

MASON, C. J., LESTER, V. C. J., and CLARK, HUNT, CULLISON, SWINDALL, and ANDREWS, JJ., concur. HEFNER, J., concurs in conclusion.

Note.—See under (3) 15 R. C. L. pp. 1064, 1066; 3 R. C. L. Supp. p. 529; 5 R. C. L. Supp. p. 867; 7 R. C. L. Supp. p. 525. Sec. "Evidence," 23 C. J. §1947, p. 130, n. 4; §2002, p. 171, n. 82. "States," 36 Cyc. p. 850, n. 13.