THE MISSOURI PACIFIC RAILWAY COMPANY V. HARRY
GEDNEY.

ANIMALS *on Railroad Track—Vigilance and Diligence, Required.* It is
not enough for the engineer and fireman in charge of a railway loco-
motive and train to merely use diligence in driving animals away that
are discovered upon the track, but they should keep a vigilant look-
out, and exercise ordinary diligence to frighten away animals that
may be discovered approaching, and in dangerous proximity to the
track, by sounding the whistle, ringing the bell, and using the means
provided for that purpose.

*Error from Anderson District Court.*

THE case is stated in the opinion. Judgment for plaintiff
*Gedney* at the September term, 1887. The *Company* comes
here.

*W. A. Johnson,* for plaintiff in error.
*Kirk & Bowman,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action brought by Harry
Gedney to recover for a cow killed by a train of the Missouri
Pacific Railway Company, at a crossing of a public highway
in Anderson county, and resulted in a verdict of $30, in favor
of the plaintiff.

The railway company insists that the findings and verdict
of the jury are not sustained by the evidence. The cow
killed was one of several that were grazing on the highway,
near to the crossing on the railroad, on the morning of the
accident. Some of them were upon one side of the track and
some upon the other, when a freight train, traveling at the
rate of fifteen miles an hour, passed along the road and over
the crossing. Shortly before the train reached the crossing,
the cow stepped upon the track and was struck and killed;
the principal question tried was whether those in charge of
the train exercised due care under the circumstances to avert
the injury. The jury found that they did not. It is found

that they failed to keep a vigilant lookout for stock or obstructions on the track, and failed to sound the whistle or ring the bell when approaching the crossing, and failed to do that which was necessary in order to avoid a collision. We think there is sufficient evidence in the record to support the findings and verdict. It is true, the jury found that the engineer did not discover the cow going upon the track until the engine was within twenty feet of her, and that the train was then going at the rate of fifteen miles an hour, and could not have been stopped after the cow came upon the track and before she was struck. It is also true that the engineer and fireman testify that they were vigilant in looking out along the line of the road to see if there were any objects ahead, or animals dangerously proximate to the track; and further, that they sounded the whistle as they approached the crossing, and as soon as they saw the cow that they reversed the engine and endeavored to stop the train. The testimony of Gedney, however, is to the effect that the whistle was not sounded nor any danger signal given eighty rods from the crossing, nor at any time afterward before the cow was struck. There is also testimony that the ground was level near the crossing, and that there were no obstructions to prevent the engineer and fireman from seeing the cattle on the side of the track for a distance of half a mile or more, and that although the cattle were in plain view and approaching the track, no alarm was given to drive them away from the track. If the engineer and fireman were at their posts, and kept a lookout for obstructions, and an animal not seen by them came suddenly upon the track when there was not sufficient time or opportunity to frighten her away, or where they could not by ordinary diligence avoid a collision, the company would not be liable. It is not enough, however, that they used diligence to avert the injury after they saw the cow upon the track; it was their duty to keep a lookout for objects or animals approaching or in dangerous proximity to the track, and if the circumstances indicated that there was danger that they would get upon the track, to use the means which they possessed for

driving them away. The sounding of the whistle, or other alarm eighty rods from the crossing might not have served the purpose of driving the cattle away from the track, but certainly the sounding of an alarm as they approached more closely would have tended to drive the cattle beyond the reach of danger. There was no direct evidence contradicting the testimony of the engineer and fireman, that they kept a vigilant outlook for animals or objects on or near the track, but the testimony that the view was unobstructed along the track for a distance of half a mile or more, and that the animals were in plain view and could have been seen by them for that distance if they had looked, certainly tends to support the finding of the jury that there was negligence in not keeping an outlook ahead of the train. If by a diligent outlook animals approaching or dangerously proximate to the track could have been discovered by the engineer and fireman, their failure to use the ordinary means provided for frightening animals from the track and to avoid a collision with them, was such negligence as would make the company liable for the injury occasioned. As is stated in *Mo. Pac. Rly. Co. v. Wilson*, 28 Kas. 641, "If the employés of the railroad company could, by the use of ordinary prudence, see, or, seeing the stock on the road, could without danger stop the train and avoid striking the animal, they were required to do so, because the idea is not tolerable that an injury may be inflicted which by ordinary care and diligence may be avoided." The conflict of testimony as to the care and diligence used by the engineer and fireman in respect to keeping an outlook and in sounding an alarm, the topography of the ground near the crossing, and the proximity of the animals to the track, has been settled by the jury, and under well-worn precedents their finding and verdict upon such testimony must be held conclusive.

We think the case was fairly submitted to the jury by the charge of the court, and that no good reasons for a reversal of the judgment exist.

Judgment affirmed.

All the Justices concurring.