The Atchison, Topeka & Santa Fe Railway Company v. James Conlon.

No. 577.* (57 Pac. 1063.)

1. RAILROADS — *Private Crossing — Use by Landowner*. The owner of a farm, in the possession and use thereof, divided by a railway passing through it, over which is constructed and maintained a private way, in the lawful use thereof does not occupy the position of a trespasser.

2. ———— *Company and Landowner—Reciprocal Duties*. In such case the reciprocal obligations and duties of the parties re-

* Petition for order to certify denied by supreme court September 16, 1899.—REP.

specting the usual and lawful use of such private way are the same as between a railroad company and one of the public in the lawful use of the highway.

3. CONTRIBUTORY NEGLIGENCE— *Verdict of Jury—Review.*  A reviewing court ought not to disturb the verdict of a jury upon the question of contributory negligence, and adjudge the existence thereof, unless the evidence of the facts and circumstances is so clear and uncontradicted that no other reasonable deduction can be drawn therefrom.

Error from Atchison district court; W. T. BLAND, judge.   Opinion filed July 18, 1899.   Affirmed.

### STATEMENT.

JAMES CONLON sought to recover from the railway company the value of certain cows killed by a train upon the railway-track.   He alleged that the railway company was negligent in the management of its train, and that the injury was the result of such negligence.   The cattle were killed upon a private crossing on the farm of Conlon, over which he had been accustomed to drive his cattle and teams for a period of over twenty years.   The crossing had been constructed for him at the time of the construction of the railway and had been maintained by it since that time. The jury found that the company's engineer was negligent in not discovering the cattle upon the track in time to avoid a collision with them.

*A. A. Hurd, O. J. Wood,* and *W. Littlefield,* for plaintiff in error.

*W. L. Bailey,* and *Charles J. Conlon,* for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : It is not contended by counsel for the company that its engineer might not have discovered the cattle by the exercise of reasonable dili-

gence in time to have avoided the injury to them, but it is contended that the attitude of Conlon with his cattle upon the track was that of a trespasser, and that the company owed him no duty to look out for him or his cattle, and, therefore, failing to discover them and failing to use ordinary diligence in that regard was not negligence on the part of the company. It is further contended that the plaintiff was guilty of contributory negligence in not taking the necessary precautions to discover the train, and is by reason thereof precluded from a recovery in this action.

We are unable to distinguish, under the facts in this case, as to the duties of both plaintiff and defendant, between a private crossing and an ordinary highway ; at least, the plaintiff was not a trespasser, and the defendant company owed to him some duty, and that duty, as we view it, was to exercise ordinary care to avoid injury to the plaintiff or his property in the lawful and reasonable use of his private way. The company had actual knowledge of the existence of the way, and we must presume that it had knowledge of the use which plaintiff made of it and had made of it during a period of more than twenty years ; and, knowing these facts, it was bound to use ordinary diligence, such as a prudent man would exercise under the same circumstances, to avoid any collision with the plaintiff's cattle upon a private way or doing them any injury in the operation of its road. It was the duty of the engineer to be on the lookout for obstructions upon the track, and especially so at this crossing at this particular time of day. It had been the custom of the plaintiff during all the years mentioned to drive his cattle across the track from his pasture to his farm buildings. The evidence is clear and uncontradicted that had the engineer been on

the lookout, had he been in the exercise of that care and diligence which the law required of him, he would have discovered the cattle upon the track in time to have avoided injuring them.    (*Thomas v. Delaware, Lackawana & Western R. Co.*, 8 Fed. 729 ; *Gates v. The B. C. R. & M. R. Co.*, 39 Iowa, 45 ; *Mo. Pac. Rly. Co. v. Gedney*, 44 Kan. 330, 24 Pac. 464 ; and *K. C. Ft. S. & G. Rld. Co. v. Lane*, 33 id. 702, 7 Pac. 587.)

That the reciprocal duties of the plaintiff and defendant were the same with respect to this private way as in ordinary cases arising at the crossing of a highway would seem to follow from the character of the plaintiff's right respecting the private way.   He had the same right there to cross and recross with his cattle, his teams and his farming tools, from one part of his farm to the other, that the public have at public highways.   Assuming, as we may in this case, that the company acquired its right, its easement, over the highway by condemnation proceedings, the fee remained in the plaintiff, with a right to the land for every purpose not incompatible with the rights of the railroad company.   He had a right to reasonable and necessary crossings for the use of his farm operations. (*Kansas Cent. Ry. Co. v. Allen*, 22 Kan. 292 ; *Atchison & N. R. Co. v. Gough*, 29 id. 94 ; *K. C. & E. Rld. Co. v. Kregelo*, 32 id. 612, 5 Pac. 15 ; *C. K. & W. Rld. Co. v. Cosper*, 42 id. 565, 22 Pac. 634.)

The plaintiff was not a mere licensee.   His right was a paramount one pertaining to his freehold.   It was absolute and recognized fully by the defendant company.   So that, we think, we are justified in saying that the respective obligations and duties of the parties respecting the use of this right of way were the same as between the railroad company and the public respecting an ordinary highway.   The plaintiff

was in no sense a trespasser, but in the exercise of his absolute right as the user of any highway. The defendant was required to exercise the same degree of diligence with respect to plaintiff's cattle as though he had been crossing the track upon a highway; neither more nor less. The plaintiff was required to exercise the same degree of care and diligence to avoid injury that he would have been required to exercise in crossing an ordinary highway. Their duties in this regard were reciprocal, as illustrated by the supreme court of the United States in *Continental Insurance Company v. Stead*, 92 U. S. 161, and in *Leavenworth, L. &. G. R. Co. v. Rice*, 10 Kan. 438. Hence, we conclude that the finding of the jury, that the failure of the company's servants operating the train to discover the cattle in time to avoid danger to them was an act of negligence, for the consequences of which they were liable to plaintiff, unless they were relieved therefrom by his contributory negligence, is sufficiently supported by the evidence.

In support of the contention that the plaintiff was guilty of contributory negligence, our attention is called to the following cases: *Railroad Co. v. Holland*, 60 Kan. 209, 56 Pac. 6, and cases therein referred to by the court, and *Adams v. A. T. & S. F. Rld. Co.*, 46 Kan. 164, 26 Pac. 439. These decisions, in the view of the writer of this opinion, came dangerously near accomplishing that which the lawmaking power of the state could not accomplish by reason of the constitutional inhibition, *i. e.*, depriving the parties litigant of the right of a trial by jury of a question of fact, and should not be held to apply in any case, unless the facts are such as to bring it clearly within the line of those decisions. No such exigency arises in this case. The question of contributory negligence, as a question of

fact, was fairly presented to the jury and determined by it, and its finding ought not to be disturbed by the court unless the evidence of all the facts and circumstances is so clear and positive of the guilt of the plaintiff that no other deduction could be derived therefrom reasonably. (*Delaware &c. Railroad v. Converse*, 139 U. S. 469, 11 Sup. Ct. 569.)

In this case it is contended that this court should disregard the evidence of the witnesses in behalf of the plaintiff in respect to the management of the herd of cattle run into by the railroad company, and draw a deduction from the fact that, if the plaintiff or his servant in charge of the cattle had been upon or near the right of way of the company, by looking they could have seen the train approaching a distance of three-quarters of a mile away.   We are asked to disregard all the facts and circumstances and base our conclusion upon that fact alone, and say, as the supreme court said in the cases cited, that the plaintiff was guilty of contributory negligence.   If we did this we would go even beyond any case cited by counsel in support of the contentions of this railway company. It is doubtless true that if the plaintiff's servants had been upon the track, or near the track, out of line of any obstructions shown by the evidence to exist, they could have seen the train three-quarters of a mile or possibly a mile away, had it at the time been approaching.   The evidence was that it was running at the rate of forty or forty-five miles an hour.   The jury so specially found.   It was running without steam, upon a down grade, and noiselessly.   The plaintiff's son, who had charge of the herd, in going to bring the cattle, by his testimony, looked carefully, listened carefully, at all three of the railroad lines as he crossed them respectively on the way to the pasture gate.   He

looked continuously, according to his evidence, so long as he could see any part of the company's track. He listened continuously. From the defendant's track to the pasture gate was about 100 feet. After passing seventy-five or eighty feet from the track his view of the track was obstructed, and the obstruction continued and increased until he got to the gate. The cattle were there waiting to come out. He had no reason to apprehend danger. The cattle came out immediately on the gate being opened, and began crossing the tracks on the private way through the gates of the several railroads to the farm barn. It was about two minutes from the time they came out of the gate before the train struck them. The train was behind time. The plaintiff's son, in charge of the cattle, believed it had passed, yet on account of there being three different railroads, and numerous trains in both directions, it was necessary to, and he did, according to his evidence, observe a continuous watch for an approaching train. It is not contended that any kind of signal was given of the train's approach, but it seems to be conceded, apparently, that it came the mile down grade from the next station west approximately noiselessly, except that it gave the usual statutory signal at a highway crossing west of plaintiff's premises. Under the decisions cited, it was the duty of the servants in charge of the train to be on the lookout, and upon discovering the cattle, or any obstruction, to give a signal of warning, and, if necessary to prevent injury to property, to slacken the train's speed. It seems impossible, had the engineer and fireman done their duty in this respect, that any injury would have been inflicted upon the plaintiff. The question of contributory negligence, as heretofore said, was fairly submitted to the jury. We cannot

say, from the evidence or from the findings of fact,
that as a matter of law there was any contributory
negligence.   We find no reason to disturb the judg-
ment, and it is therefore affirmed.