LUTHER WARD, Appellant, v. PERRIGRINE SCOTT KELLOGG et al., Respondents.

**Kansas City Court of Appeals, May 27, 1912.**

1. **NEGLIGENCE: Defective Stairway.** The owner of premises owes no duty to protect those from injury who go upon the premises as volunteers, or merely with his express, or tacit permission, from motives of curiosity or private convenience in no way connected with business or other relations with the owner or occupier.

2. ————: ————: **Pleading.** The facts set forth in the petition' fail to state a cause of action, and the trial court properly sustained the demurrer thereto.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED.

*Alden E. Henry* and *Lawrence Fulton* for appellant.

(1)   A landlord is responsible for injuries to a third person arising from the bad repair of the sidewalk space upon which the leased premises abut, if the condition existed at the time the premises were let. Stoetzele v. Swearingen, 90 Mo. App. 588; Powers v. Ins. Co., 91 Mo. App. 55; Mancuso v. Kansas City, 74 Mo. App. 138; Timlin v. Oil Co., 126 N. Y. 514.   2. There is no traveled way of a sidewalk less than its width and one traveling across a sidewalk is entitled to be safeguarded in the same degree as one traveling

164 App.—6

lengthwise thereof. ' Powers v. Ins. Co., 91 Mo. App. 55; Walker v. City of Kansas, 99 Mo. 647; Goins v. City of Moberly, 127 Mo. 116.

*McCune, Brown, Harding & Murphy* for respondents. '

It is unquestionably the duty of the city and of an abutting property owner, where such owner is making some use of the street in conection with his premises, to keep the sidewalk space in reasonably safe condition for passersby or travelers using the same as travelers, but such duty extends no further. Kiley v. The City of Kansas, 87 Mo. 107; Arnold v. St. Louis, 152 Mo. 178.

JOHNSON, J.—The circuit court sustained a demurrer to plaintiff's petition on the ground that it fails to state a cause of action and on the refusal of plaintiff to amend, rendered judgment for defendants. Plaintiff appealed and argues in her brief that her petition states a good cause. She alleges that she sustained personal injuries in consequence of defendant's failure to maintain in a reasonably safe condition a stairway leading to the basement of a building owned by defendants and occupied by their tenant who conducted a barber shop therein. The building fronts on Delaware street, one of the public streets of Kansas City, and is in the business district. The stairway from the street to the basement is in the sidewalk space. It is not alleged that the opening for the stairway was not properly guarded for the protection of pedestrians traveling on the sidewalk, but it is alleged that the steps of the stairway which were of marble were in a defective and dangerous condition to those using them for ingress and egress to and from the barber shop. A brother of plaintiff was employed in another barber shop on Delaware street and not

knowing the place of his employment, plaintiff started into the barber shop in defendants' building to inquire the whereabouts of her brother. She left the sidewalk and was going down the stairway when she tripped or stumbled on one of the defective steps and fell, receiving the injuries for which she seeks redress.

These are the material facts of the case and the question for our determination is whether or not these facts considered in the light most friendly to the cause of action asserted by plaintiff show that her injury was the result of negligence of defendants. Negligence is a breach of duty and unless it should be said that defendants owed some duty to plaintiff which they negligently failed to perform, there can be no recovery in this action, since the gravamen of plaintiff's cause is not a wanton or willful wrong but a negligent breach of duty.

We shall assume for argument that the duty of defendants, the owners of the premises with respect to the maintenance of the stairway in a reasonably safe condition for the use of persons going in and out of the basement was the same as the duty of the tenant and shall proceed to inquire into the nature of that common duty. Defendants owned the land in front of their premises to the middle of the street, subject to the public easement and, subject to reasonable municipal and public control and regulation, had the right to place the basement stairway in the sidewalk space. [Gordon v. Peltzer, 56 Mo. App. 599.]

The ordinance pleaded in the petition did not forbid such use of the sidewalk but only regulated it to the end that such openings should be guarded in a manner to protect travelers using the sidewalk against danger of injury. The ordinance was merely declaratory of the rules of common law applicable to such cases. Defendants owed the duty of reasonable care to users of the sidewalk to safeguard the opening in a way to prevent it from becoming a menace to them.

Had plaintiff's injury resulted from a breach of such duty there could be no reasonable question of her right to recover her damages in an action against the owner of the premises. [Stoetzele v. Swearingen, 90 Mo. App. 588; Powers v. Ins. Co., 91 Mo. App. 55; Mancuso v. Kansas. City, 74 Mo. App. 138.] But plaintiff was not injured while using the public sidewalk. True the place of her fall was in the sidewalk space but she had left the sidewalk and was proceeding down a stairway lawfully maintained by defendants in that place as an adjunct to their building. The stairs were a private, not a public way, and were provided for the use, not of the public but of the invitees, express or implied, of defendants or their tenant. Persons using the stairway on such invitation were entitled to the protection of reasonable care on the part of defendants to maintain the steps in a reasonably safe condition for such use. Defendants owed no such duty to trespassers or bare licensees. Such users of the property of others take the property as they find it, and the owner or occupier owes them no other duty than that of abstaining from wantonly or willfully injuring them. As is said by the Supreme Court in Glaser v. Rothschild, 221 Mo. 180:

"The general rule is that the owner or occupier of premises lies under no duty to protect those from injury who go upon the premises as volunteers or merely with his express or tacit permission from motives of curiosity or private convenience in no way connected with business or other relations with the owner or occupier. [Hargreaves v. Deacon, 25 Mich. 5; Benson v. Baltimore Traction Co., 77 Md. 535; Railroad v. Slaughter, 167 Ind. 330, and cases cited; see, also, arguendo, O'Brien v. Steel Co., 100 Mo. 182, and Glaser v. Rothschild, 106 Mo. App. 418; Kelly v. Benas, 217 Mo. 1.] A bare licensee (barring wantonness or some form of intentional wrong or active negligence by the

owner or occupier) takes the premises as he finds them.''

Plaintiff was not using the stairway on implied invitation. She was not going into the barber shop on any business except her own private business in which neither defendants nor their tenant had even the most remote interest. She was a mere licensee and defendants did not owe her the duty of reasonable care. The learned trial judge in sustaining the de-' murrer to the petition took a correct view of the law of the case.

The judgment is affirmed. All concur.