J. M. CORNETT, Respondent, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 23, 1914.

1. DAMAGES: Railroads: Live Stock. This action was instituted by the plaintiff to recover damages for the negligent killing of a cow. The defendant's railroad ran through the land of the plaintiff and to connect the two farms the defendant maintained a private crossing. The plaintiff left the gates open to drive some stock through and started to drive them back when a cow ran onto the track as a train was approaching and was killed. Held, that the plaintiff failed entirely to sustain the burden of proving negligence on the part of defendant.

2. ————: ————: Statute. The statute requiring the engineer of a railroad engine to give signals is intended only for the

protection of persons and property at public crossings and the failure to give such signal will not render the company liable for animals injured at other places on the track.

Appeal from Linn Circuit Court.—*Hon. Fred Lamb,* Judge.

REVERSED.

*C. C. Bigger* for appellant.

(1) Crossing signals are intended solely for the protection of persons and property at the crossing and a failure to give a crossing signal will not render the company liable for animals injured if not at the crossing. 33 Cyc. 1214, text and note 32 with cases cited; Wasson v. McCook, 80 Mo. App. 483; Degonia v. Railroad, 224 Mo. 592; Bell v. Railroad, 72 Mo. 58; 2 White on Personal Injuries, sec. 964; Evans v. Railroad, 62 Mo. 49; Wasson v. Railroad, 70 Mo. App. 393; Burger v. Railroad, 112 Mo. 238; Rohback v. Railroad, 43 Mo. 187; Melton v. Railroad, 99 Mo. 287. (2) The instruction in the nature of a demurrer should have been given for the further reason that plaintiff's own act in opening the gates and leaving them open at a farm crossing maintained solely for his convenience by the defendant caused the accident or, to say the least, it directly contributed as a cause to the killing of his cow. Dickenson v. Railroad, 103 Mo. App. 332; 33 Cyc. 1237; Herrington v. Railroad 71 Mo. 386.

*A. L. Pratt* and *E. B. Fields* for respondent.

(1) Defendant's instructions were rightly re-fused. If the engineer or fireman could see the cow and did see her approaching the track, they should have taken notice that she was likely to go on the track and they should have governed themselves and

the engine accordingly.  Martin v. Railroad, 175 Mo.
App. 464; Young v. Railroad, 79 Mo. 336, 340.  (2)
This is a proceeding before a justice, and the plead-
ings were sufficient to permit the introduction of this
testimony and recovery thereon.  Windle v. Railroad,
168 Mo. App. 596, and cases cited.

JOHNSON, J.—Plaintiff brought suit before a
justice of the peace for the negligent killing of a cow
at a private railroad crossing on his farm in Linn
county.  A trial in the circuit court on appeal resulted
in a judgment for plaintiff and the defendant railroad
company appealed.

The railroad, which runs north and south over
plaintiff's farm, was enclosed with lawful fences and
was crossed by a private farm crossing maintained by
defendant for the use and benefit of plaintiff.  It is
admitted that the crossing, fences, cattle guards and
crossing gates were of lawful construction and in good
repair.  Plaintiff pastured cattle on the land lying
west of the railroad and in the mornings and evenings
drove them over the crossing to his land east of the
road where he had a well and facilities for watering
stock.  On the evening in question he opened the cross-
ing gates and the cattle at the west gate, being in need
of water, crossed over voluntarily to the watering
place on the east side.  Plaintiff left both gates open
and stood on guard until the cattle had slaked their
thirst and were in condition to be returned to the pas-
ture when he proceeded to the barn lot to drive them
back.  While thus proceeding he heard a train com-
ing from the north and, looking up, saw one of his
cows on the crossing.  The inference is strong that this
animal was not at the west gate when the gates were
opened but was on her way to the well.  The train was
a heavy freight train and approached around a curve
and through a cut and, according to the testimony of

the engineer and fireman, the crossing was 500 feet distant when it became visible from the engine cab. The fireman first saw the cow and and warned the engineer who immediately sounded the whistle (giving the usual stock signals), shut off steam and applied the air brakes. The train slackened speed but could not be stopped in the intervening space and as the cow did not clear the track she was struck by the engine and killed.

Plaintiff admits that the stock signals were given but states facts tending to show that the cow was visible to the operators of the engine for a distance of over 1000 feet, and that no effort was made to stop or reduce speed. There is also evidence to the effect that the engineer failed to give the statutory signal for a public crossing some distance north of the cut. This evidence is contradicted by the engineer and fireman but for the purposes of the demurrer to the evidence, which we think should have been given, we shall consider the evidence in its aspect most favorable to the pleaded cause and shall assume that no signal was given for the public crossing, and that when the engine reached the point from which the first view of the private crossing was afforded, the engineer could have seen the cow on the track and avoided the injury by stopping the train. The gravaman of the action is negligence in the operation of the train. Negligence, as has often been said, is a breach of duty which one man owes to another and where there is no duty there can be no actionable negligence. [Coin v. Lounge Co., 222 Mo. l. c. 507.]

The failure of the engineer to whistle for the public crossing was no breach of duty towards plaintiff or his property at the private crossing on his land. The statute requiring such signals to be given is intended only for the protection of persons and property at public crossings and the failure to give such signal will not render the company liable for animals

injured at other places on the track. [Wasson v. Mc-Cook, 80 Mo. App. l. c. 488; Degonia v. Railroad, 224 Mo. l. c. 592, et seq.; Bell v. Railway, 72 Mo. l. c. 58; 33 Cyc. 1214; 2 White on Personal Injuries, sec 964.] No cause of action inured to plaintiff by reason of the alleged omission to give the public crossing signal. Nor did the engineer owe plaintiff a duty to give a signal for his private crossing (Maxey v. Railroad, 113 Mo. 1) since such duty is not imposed by the statutes which require no other crossing signals than those prescribed for public crossings. The only duty the engineer was bound to perform in approaching the private crossing in question was to be on the lookout for plaintiff and his property and when he discovered, or should have discovered, the cow on the crossing, then it became his duty to exercise reasonable care to avoid injuring her. As we said in the recent case of Alexander v. Railway, 165 S. W. 1156, 178 Mo. App. 184, "we may assume that, as the adjacent owner has a right to use, and must be expected to use, and is not a trespasser in using, the farm crossing which has been put in for his convenience, the railway servants in charge of its engine ought to be required to be on the lookout for him (Bishop v. Railway, 4 N. D. 536, 62 N. W. 605; Railway v. Conlon, 9 Kan. App. 116, 57 Pac. 1063). But with this assumption it does not follow that the owner should recover in all cases. The railway servants, though required to be on the lookout when approaching farm crossings, should not be required to look out for stock at other places on the right of way between its fences than at the crossing. Nor should the company be held for the consequences of the owner's negligence (if it be found to be negligence) in turning his stock, uncontrolled, into the right of way, and permitting it to run off down the track. They were not under any duty to anticipate such condition and to be on the lookout for it."

Since the engineer and fireman state they saw the cow at the first possible moment and the evidence of plaintiff tends to show that the train could have been stopped in the intervening distance, and that no prompt effort was made to stop it, the question arises of whether or not actionable negligence may be predicated of such omission in view of the conceded fact that the engineer gave the usual stock signal and continued to give it until it was too late to save the animal by stopping the train. In its last analysis the cause of action asserted by plaintiff is founded on the idea that the engineer of a locomotive who discovers an animal on a private crossing ahead is not warranted in relying solely upon the alarm whistle as a means of removing the obstruction, but to avoid an imputation of negligence, must immediately proceed to stop if, by stopping, a threatened collision may be averted.

There are circumstances in which an immediate effort to stop the train would be the only safe alternative. Thus in Young v. Railroad, 79 Mo. 336, a panic stricken horse ran towards the track on which a train was approaching. The Supreme Court held that "if, after discovering the horse in motion going toward the crossing, he (the engineer) could have reasonably and safely so far stopped the train as to have avoided the collision and neglected to do so, the defendant was clearly liable."

In the late case of Martin v. Railroad, 175 Mo. App. 464, the Springfield Court of Appeals held, in substance, that it was the duty of the engineer seeing an animal on or near the track to take such steps to avoid an injury as the situation appeared to demand of a reasonably careful and prudent man in his position. In that case the engineer neither attempted to stop nor sounded the stock signal. The court said "the jury might rightly find that the engineer or fireman either saw or could with due care have seen the animal on the track or coming on it in time to have avoided

killing her by either scaring her from the track by some alarm or by stopping the engine before the collision or by both methods. If these trainmen did or with due care could have seen the cow lying close beside the track, they should have taken notice that she was likely to go on the track as the engine approached and governed themselves and the engine accordingly. [Young v. Railroad, 79 Mo. 336, 340.] The case is therefore, one for the jury.''

But these cases and others of like import we have examined fall far short of declaring that an engineer seeing a cow on or near the track a sufficient distance ahead for the train to be stopped in safety would not be justified in relying at all upon the efficacy of an alarm whistle but must proceed at once to stop the train if he would escape an imputation of actionable negligence. Ordinarily alarm signals are all the means required to clear the track of such animate obstructions and it is only in instances where it appears that such signal would be unavailing that reasonable care would demand a resort to other means.

There is nothing in the evidence from which it may be said that a reasonably careful and prudent person in the place of the engineer would have anticipated that the cow would prove refractory and would not leave the track as the shrieking engine bore down upon her. When the futility of the alarm became apparent the train was too close for a saving stop or check in speed to be made. There are no facts and circumstances in evidence that tend to accuse the engineer of conduct at variance with that to be expected of an ordinarily prudent person in his situation. The burden is on plaintiff to show negligence and we must hold that he has failed entirely to discharge that burden. The demurrer to the evidence should have been sustained.

The judgment is reversed. All concur.