ROBERT ANDERSON, RESPONDENT, v. ROLLA WELLS, RECEIVER OF THE UNITED RAILWAYS COMPANY OF ST. LOUIS, A CORPORATION, APPELLANT.*

St. Louis Court of Appeals. Opinion filed June 2, 1925.

1.—Negligence—Ordinances—Violation—Not Negligence as to Persons Not Intended to Be Benefited. A violation of an ordinance or statute is often negligence **per se**, where it has imposed a duty in favor of a certain person, and where such person was one of a class intended to be benefited; but where an ordinance imposes no duty with respect to certain persons, negligence cannot arise in that regard.

2.—Street Railroads—Negligence—Ordinances—Violation—Injury Not Covered By Ordinance. In an action for damages for personal injuries sustained in a collision between one of defendant's street cars and a truck in which plaintiff was riding as an occupant, **held** that plaintiff was without the purpose or of the class of persons protected by section 1061, Revised Code of the city of St. Louis 1914, relating to stopping of street cars to take on passengers, and the failure of a street car to stop, in violation of such ordinance, did not constitute actionable negligence as to him.

3.—Appellate Practice—No Cause of Action Stated in Petition—Reversals—Amendments. Where plaintiff's petition failed to state facts sufficient to constitute a cause of action and it appears to the appellate court that plaintiff may have a cause of action under a proper petition, then, to the end

that plaintiff may have an opportunity to amend his petition, if so advised, the judgment will not be reversed outright, but will be reversed and the cause remanded for a new trial.

### On Motion for Rehearing.

**4.—Same—Same—Point May Be Raised for First Time in Appellate Court.** Where a petition fails to state facts sufficient to show a cause of action at all, then the matter can be raised in the appellate court for the first time.

---

*Corpus Juris-Cyc. References: Appeal and Error, 3 C. J., p. 786, n. 76; 4 C. J., p. 1116, n. 49; p. 1196, n. 97. Negligence, 29 Cyc., p. 436, n. 51; p. 438, n. 59, 60. Street Railways, 36 Cyc., p. 1506, n. 83.

Appeal from the Circuit Court of the City of St. Louis.—Hon. Anthony F. Ittner, Judge.

Reversed and remanded.

*Charles W. Bates, T. E. Francis* and *Vance J. Higgs* for appellant.

(1)   Defendant's demurrer to the evidence should have been sustained for reasons following:   (a)   Violation of an ordinance constitutes actionable negligence only when the plaintiff is within the class of persons for whose protection the ordinance was enacted and the injury complained of is of the sort which the ordinance was intended to guard against.   Degonia v. St. Louis, I. N. & S. Ry. Co., 224 Mo. 564, 123 S. W. 807; Cornett v. C. B. & Q. R. Co., 184 Mo. App. 463, 171 S. W. 15; Burger v. Mo. Pac. R. R. Co., 112 Mo. 238, 20 S. W. 439; Denton v. M. K. & T. R. R. Co., 90 Kans. 51, 47 L. R. A. (N. S.) 820; Di Caprio v. N. Y. Cent. R. R. Co., 231 N. Y. 94, 131 N. E. 746.   (b)   The ordinance relied on in this case is a regulation solely for the benefit of street car passengers.   It imposes no duty in favor of travelers on the streets.   Roback v. The Pac. R. R. Co., 43 Mo. 187; Cornett v. C. B. & Q. R. R. Co., 184 Mo. App. 463, 171 S. W. 15; Burger v. Mo. Pac. R. R. Co., 112 Mo. 238, 20 S. W. 439; Wasson v. McCook, 80 Mo. App. 483; Bell v. The Hamilton & St. J. R. R. Co., 72 Mo. 50; Denton v. M. K. & T. Ry. Co., 90 Kans. 51, 47 L. R. A. (N. S.) 820; Di Caprio v. N. Y. Cent. Ry. Co., 231 N. Y. 94, 131 N. E. 746.   (c)   To constitute actionable negligence there must be breach of duty owing to the person injured.   It is not sufficient that the defendant breached a duty which it owed to another person or class of persons.   Davidson v. St. Louis & San Francisco Ry. Co. (Mo.), 229 S. W. 786; Ward v. Kellogg, 164 Mo. App. 81, 148 S. W. 174; 20 R. C. L. sec. 7, pp. 10, 11, sec. 35, p. 41.   (2) Under his own testimony plaintiff was guilty of negligence as a matter of law, in that without protesting or warning the driver he permitted himself to be driven in front of an approaching car which

was in plain view and so close that the danger of collision was imminent and obvious. Plaintiff either failed to give the slightest attention to the car, or—if he saw it—silently acquiesced in a reckless attempt to cross before it. Friedman v. U. R. Co. of St. Louis, 293 Mo. 235, 238 S. W. 1074; Tannehill v. Kansas City C. &. S. Ry. Co., 279 Mo. 158, 213 S. W. 818; Burton v. Pryor (Mo. App.), 198 S. W. 1117; Leapard v. Kansas City Rys. Co. (Mo. App.), 214 S. W. 268; Fechley v. Springfield Traction Co., 119 Mo. App. 358, 96 S. W. 421; Sorrell v. Payne (Mo. App.), 247 S. W. 462. (3) The legal effect of plaintiff's conduct cannot be affected by assuming that he relied on compliance with the ordinance and expected the car to stop at the intersection. No such assumption can be indulged, for there is no evidence that plaintiff knew of the ordinance requirement or supposed that the car would stop. Mackowik v. Kansas City, St. J. & C. B. R. Co., 196 Mo. 550, 94 S. W. 257; Voelker Products Co. v. U. R. Co. of St. Louis, 185 Mo. App. 310, 170 S. W. 332; Paul v. U. R. Co., of St. Louis, 152 Mo. App. 577, 134 S. W. 3; Reno v. St. Louis & Suburban Ry. Co., 180 Mo. App. 469, 79 S. W. 464. (4) Instruction No. 1 is erroneous in directing a verdict for plaintiff based solely upon violation of the ordinance. Cases under 1 (supra). (5) Instruction b, offered by defendant, should have been given. Friedman v. U. Rys. Co. of St. Louis, 293 Mo. 235, 238 S. W. 1074; Burton v. Pryor (Mo. App.), 198 S. W. 1117; Leapard v. K. C. Rys. Co. (Mo. App.), 214 S. W. 268.

*Charles A. Lich* for respondent.

(1) The court properly overruled defendant's demurrer to the evidence. Lackey v. United Railways Co., 231 S. W. 956; McDonald v. United Railways Co., 245 S. W. 559; Mason v. United Railways Co., 246 S. W. 318. (2) The plaintiff could not be charged with contributory negligence as a matter of law in failing to look, when at the direction of the driver he was performing a specific duty to look for vehicles in the rear and the driver did the looking towards the front. State ex rel. v. Bland, 237 S. W. 1018. Defendant's instruction b was properly refused by the court. (Supra.) (3) Plaintiff's petition charged defendant with negligence in two particulars and defendant's demurrer to the evidence being of a general character and following the overruling of said demurrer defendant requesting the court to instruct the jury on the merits of the case as submitted to the jury in plaintiff's instructions, defendant waived its demurrer to the evidence and is estopped to assert in the appellate court that the evidence failed to make out a case for the jury. Torrance v. Pryor, 210 S. W. 430; Miller v. Prough, 221 S. W.

159; Packer v. Railroad, 265 S. W. 119; Schinogle v. Baughman, 228 S. W. 897; Dincler v. Railroad, 265 S. W. 113; Leahy v. Winkle, 251 S. W. 483; Davison v. Hines, 246 S. W. 295; Ramsey v. Railroad, 253 S. W. 1079.

DAVIS, C.—This is an action for damages for personal injuries sustained in a collision between one of defendant's street cars and a Ford truck in which plaintiff was riding as an occupant. The jury returned a verdict in favor of plaintiff for $1200, and from the judgment entered thereon defendant appealed.

The cause was tried on plaintiff's evidence alone, defendant refusing to introduce any.

Plaintiff's evidence tends to show that the collision between the street car and the truck occurred at Grand avenue and Hickory street, in the city of St. Louis; that Grand avenue runs north and south, and along the center of the street defendant maintains two sets of street car tracks, the eastern set over which northbound cars travel, and the western set over which southbound cars travel; that Hickory street, intersecting Grand avenue, runs east and west, defendant also maintaining two sets of street car tracks thereon, which intersect the Grand avenue tracks; that on December 4, 1922, about 8 o'clock in the morning, plaintiff was riding in a Ford truck driven south on Grand avenue by George Pogue, his employer; that plaintiff was seated beside and to the right of Pogue; that Pogue on reaching Hickory street intended to turn to the left to drive east thereon; that as the truck approached Hickory street going south on the west side of the street, Pogue prepared to make the turn to the east on Hickory street, plaintiff looked back to the north, holding out his right hand at the same time and while the truck was being diven toward the east; that when he looked again toward the south he saw the northbound car coming toward them about eleven feet away, the collision occurring immediately; that before he turned to look north he was looking south, the direction in which the truck was going; that before he was ready to cross he saw a man standing at the telegraph post at the stop, the little box there at the southeast corner of Hickory street and Grand avenue, the place where the northbound cars stopped to receive and discharge passengers; that plaintiff was looking before he came to the crossing; that he did not tell Pogue not to go upon the track, for he had no chance, although he did not see the northbound car coming toward him until it was about to hit him; that he had not seen the street car when he turned to look north to signal; that the northbound car failed to stop, notwithstanding people were at the stopping place for northbound cars at the southeast corner of Grand avenue and Hickory street; that no bell or gong was sounded.

George Pogue, the driver of the truck, beside and to the right of whom plaintiff was seated, testified, in substance, that he saw this northbound car that collided with his truck a good ways off; that he saw a man and woman standing at the southeast corner of Grand avenue and Hickory street, the place where the northbound car stopped; that the reason he drove across in front of the car was that he was looking at the passengers, and thought the car would stop, because the passengers were standing there, although the car did not stop; that he afterwards boarded the car, saw vacant seats therein, and did not see another car following the car that collided with his truck, nor did he notice any other street car within three hundred feet of this street car; that when he saw these people standing on the southeast corner of Grand and Hickory he observed the man waving to the car; that preparing to turn to his left across the northbound track so as to proceed east on Hickory street, Pogue told plaintiff to sit aside and to look behind; that Pogue then turned the truck toward the east so as to cross the northbound track on Grand avenue in front of the northbound car; that the car failed to stop for the prospective passengers, colliding with the truck.

The testimony of plaintiff was to the effect that he did not see the car until it was about to collide with the truck on which he was riding. On cross-examination this was his testimony touching that point: "Q. There was nothing preventing you from seeing that car coming all the way up; there was nothing between you, was there? A. Nothing but automobiles. Q. The automobile wasn't high enough to shield you from a street car, was it? A. I said I didn't see it until it was about to get on us. Q. You didn't pay any attention to it, did you? A. I was looking back like I said. Q. You didn't look front, the way the car was coming? A. Not at that time. Q. And when you did look for it, it was about eleven feet from you. A. Yes, sir. Q. Right on you? A. Yes, sir." (Redirect examination) "Q. Mr. Anderson, when this car was eleven feet away from you, I will ask you when that was that you saw the car, before or after you had put your hand out and given the signal? A. That was after I was looking then to go across." And again, upon direct examination, he testified as follows: "Q. When you put your hand out and looked back towards the north do you know how far away the street car was at that time? A. No, I hadn't seen it then. Q. Hadn't seen it then? A. No, sir. Q. And when you turned around and looked to the south the car was about eleven feet? A. Yes, sir."

Plaintiff pleaded and introduced in evidence an ordinance of the Revised Code of the city of St. Louis 1914, section 1061, as follows:

"First. Street cars shall be stopped for taking or discharging passengers as follows: Those going southward shall stop on the north side of the intersecting streets; those going northward shall stop on the south side of intersecting streets. . . ."

"Second. It shall be the duty of every driver, motorman, gripman or other servant running any car to bring his car to a full stop at the corner of the streets as herein provided, whenever requested, signaled or motioned by any person standing on such appropriate corner desiring to board such car, or by the conductor of such cars, or whenever so requested, signaled or ordered by the conductor or any passenger on such car desiring to leave such car, and in every instance such car shall remain stationary for a sufficient length of time to enable passengers safely to board or leave the car; provided, that a car in which there are no unoccupied seats need not stop to receive passengers when such passengers may board a succeeding car which is at the time within three hundred feet of the first car and bound over the same route throughout."

Plaintiff's petition sets forth the following assignment of negligence:

"Plaintiff, for his first assignment of negligence, states that when said truck was being driven eastward across Grand boulevard into Hickory street there was a man in the street signaling said car to stop on the southwest corner of Grand boulevard and Hickory street, this being a regular stopping place, said intending passenger being in the usual place for passengers to signal a car to stop, and that the driver of said truck, Pogue, assuming that said car would stop on signal of said intending passenger, proceeded to drive across the street in front of said car, when by reason of the carelessness and negligence of the defendant's agent and motorman then and there in charge of his Grand line car, same crashed into the truck and injured him, as aforesaid, such carelessness and negligence being as follows:

"That defendant's motorman in charge of said car carelessly and negligently failed to stop said car at the southwest corner of Grand boulevard and Hickory street, when signaled by an intending passenger to stop, in violation of section 1061 of the Revised Code of the city of St. Louis, 1914 (subdivision first and second) which ordinance reads as follows: (The ordinance is omitted for we have heretofore set it out.)

"Plaintiff states that the car in question was not filled and that there were unoccupied seats therein, and further that there was no car succeeding said car within a distance of three hundred feet bound over the same route throughout.

"Plaintiff states that Pogue, the driver of said truck, saw a man signal said car to stop, and that assuming that said car would stop to permit said woman to board it, he proceeded to drive across

the tracks, but that because of the carelessness and negligence of defendant's motorman in charge of said car in failing to stop said car on signal, as required by the aforesaid ordinance, the car struck said truck and injured plaintiff.''

I. Defendant, in its first assignment of error, complains of the action of the trial court in refusing to direct a verdict in its behalf. While the petition was grounded on two assignments of negligence, one assignment is not before us for consideration. The second assignment based on the humanitarian doctrine, was seemingly abandoned by plaintiff; however, it was specifically withdrawn from the jury by an instruction defendant requested. Plaintiff bottomed his whole case on the violation of the ordinance heretofore set forth, which was pleaded as his first assignment of negligence in the petition. The violation of the ordinance then constituted plaintiff's basis of recovery.

Defendant contends, as to a traveler on the street, that the violation of the ordinance does not constitute actionable negligence, because (1) plaintiff was not within the class of persons for whose protection the ordinance was enacted and the injury complained of was not of the kind the ordinance was intended to guard against; (2) the ordinance relied on was a regulation solely for the benefit of street car passengers, for it imposes no duty in favor of travelers on the street; (3) to constitute actionable negligence there must be a breach of duty owing to the person injured, and it is not sufficient that defendant breached a duty owing to another person or class of persons.

This brings us to the inquiry whether plaintiff comes within the purview of the ordinance. A violation of an ordinance or statute has often been held negligence *per se*, where it has imposed a duty in favor of a certain person and where such person was one of a class intended to be benefited. But where the ordinance imposes no duty with respect to certain persons, negligence cannot arise in that regard.

Plaintiff was riding in a Ford automobile as a guest or passenger at the time of the collision. He was not standing on the southwest corner, the place the ordinance provided for boarding the oncoming northbound street car, intending to become a passenger thereon. He was, however, using the street for travel as a highway to go to his destination. The ordinance was passed by the Board of Aldermen to compel street cars to take on and discharge passengers on certain corners and to provide transportation for passengers at reasonable intervals. Street cars were not required by the ordinance to stop at such corners under all circumstances. We do not think that plaintiff comes within the purpose or the class of persons to be protected contemplated by the ordinance or that it provides a cause of action as

to travelers on the street. It follows that plaintiff was without the purpose of or class of persons protected by the ordinance.

In Mansfield v. Wagner Elec. Mfg. Co., 242 S. W. 400, l. c. 403; David E. Blair, J., says:

"Admit that the plaintiff's injuries were received in consequence of defendant's failure to install such hood with blower or suction fan; still the Legislature was not legislating to protect employees against the danger of particles flying into their eyes, but for an altogether different purpose; its object was not to regulate the duty of employers for all purposes, but only for one particular purpose, to-wit, to prevent inhalation of smoke, gas and dust by those employed about such wheels." [See Rittenhouse v. Railroad, 299 Mo. 199, 252 S. W. 945.]

In Degonia v. Railway Co., 224 Mo. 564, 123 S. W. 807, the court says:

"Deceased had no right to rely upon the station or crossing signals. Crossing signals are not for employees or for persons not crossing or intending to cross at the public crossing. This has long been the rule in this State. . . . The failure to sound the whistle or ring the bell, was, therefore, a thing of which the plaintiff cannot complain, because deceased was not one of the class covered by the statute."

In Cornett v. R. Co., 185 Mo. App. 463, 171 S. W. 15, it is said:

"Negligence, as has often been said, is a breach of duty which one man owes to another, and where there is no duty there can be no actionable negligence. The failure of the engineer to whistle for the public crossing was no breach of duty toward plaintiff or his property at the private crossing on his land. The statute requiring such signals to be given is intended only for the protection of persons and property at public crossings, and the failure to give such signal will not render the company liable for animals injured at other places on its track."

In Di Caprio v. R. Co., 231 N. Y. 94, 131 N. E. 746, the court say:

"Where a statutory duty is imposed upon one for the direct benefit or protection of another, and the latter is damaged because this duty is not performed, a cause of action arises in his favor based upon the statute. But no one not included in the class so directly to be benefited may complain because the statute is not complied with."

In Denton v. R. Co., 90 Kas. 51, 47 L. R. A. (N. S.) 820, the plaintiff invoked the protection of a statute making it a misdemeanor for a railroad company to block a street crossing with cars for more than ten minutes at a time. The theory upon which recovery was sought was that defendant's cars, left standing at the crossing in violation of this statute, obstructed the view of the driver of the automobile

in which plaintiff was riding, thereby preventing him from seeing the locomotive which struck the automobile and injured him. The court held that a violation of the statute did not constitute actionable negligence, saying:

"In order for the violation of a statute to constitute actionable negligence the injury complained of must be of the sort the legislation was intended to guard against. . . . Negligence is a breach of duty. Those only to whom that duty is due, and who have sustained injuries of the character its discharge was designed to prevent, can maintain actions upon it." [See also Burger v. Railroad, 112 Mo. 238, 20 S. W. 439; Rohback v. Railroad, 43 Mo. 187; Wasson v. McCook, 80 Mo. App. 483; Bell v. Railroad, 72 Mo. 50; Davidson v. Railroad, 229 S. W. 780; Ward v. Kellogg, 164 Mo. App. 81, 148 S. W. 174, 20 R. C. L., sec. 7, pp. 10, 11, sec. 35, p. 41.]

We think the court erred for the reasons above stated in submitting plaintiff's cause of action to the jury.

II. Plaintiff relies upon Lackey v. Railways Co., 231 S. W. 956; McDonald v. Railways Co., 245 S. W. 559, and Mason v. Railways Co., 246 S. W. 318, to support his contention that his cause should have been submitted to the jury under the first assignment of negligence set forth in his petition. It is plain that plaintiff misconceives the ruling in those cases. They go no further than ruling that the ordinance may be introduced in evidence or that it may be shown that a passenger was standing on the appropriate corner to board the oncoming car, for the purpose of determining, as a circumstance in the case, plaintiff's contributory negligence. In those cases plaintiff proceeded upon actionable negligence, such as excessive speed, etc.

III. Inasmuch as it appears that plaintiff may have a cause of action under a proper petition, and to the end that plaintiff may have an opportunity to amend his petition, if so advised, for which position we have ample authority (Bowen v. Railway, 118 Mo. 541, 24 S. W. 436; Bibb v. Grady, 231 S. W. 1020; Rutledge v. Railway, 123 Mo. 121, 24 S. W. 1053; Finnegan v. Railroad, 244 Mo. 608, 149 S. W. 612; Chandler v. Railroad, 251 Mo. 592, 158 S. W. 35, the Commissioner recommends that the judgment be reversed and the cause remanded.

PER CURIAM:—The foregoing opinion of DAVIS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.

### OPINION ON MOTION FOR REHEARING.

DAVIS, C.—Plaintiff filed a motion for rehearing and a motion to modify the opinion, both of which are grounded on the overlooking of a certain contention made.

Inasmuch as we failed to discuss the point in our opinion, and in order to intelligently consider the motions, it becomes necessary to state the situation found in the record.

The first assignment of negligence alleged in the petition is grounded on the negligent violation of an ordinance which, in effect, requires street cars to stop on corners therein provided, upon signals, etc. The second assignment of negligence is grounded on the humanitarian doctrine. At the close of plaintiff's case the defendant offered and the court refused an instruction requesting generally a verdict in defendant's behalf. The defendant refused to offer any evidence. Thereupon the court gave, at the request of plaintiff, an instruction conforming to the first assignment of negligence in the petition, based on the negligent violation of the ordinance. At the request of defendant, the court gave three instructions, the first of which precluded recovery if plaintiff was negligent. The second told the jury that the charge of negligence made by defendant must be proven by the greater weight of the evidence, and that the jury had no right to presume negligence from the fact of injury. The third withdrew from the jury the assignment of negligence based on the humanitarian doctrine. Defendant also offered two instructions, which the court refused, the first telling the jury that it was not the duty of the motorman to stop the car until he saw, or by the exercise of ordinary care could have seen, that plaintiff was about to go upon the track in front of the car. The second told the jury that if plaintiff did not look before going upon the track, he could not recover.

Plaintiff relying on Torrance v. Pryor, 210 S. W. 430; Davison v. Hines, 246 S. W. 295; Leahy v. Winkle, 251 S. W. 483; Ramsey v. Railroad, 253 S. W. 1079, and other cases of like ilk, contends that, after defendant's requested peremptory instruction in the nature of a general demurrer had been overruled, defendant became estopped on appeal to say that no case was made on that theory for the jury, inasmuch as defendant requested the instructions given by the court, and inasmuch as defendant offered no withdrawal instruction asking that the first assignment of negligence in the petition be taken from the jury.

We held in our opinion that plaintiff failed to come within the class of persons to be protected by the ordinance, and that a violation of the ordinance did not constitute actionable negligence.

In Torrance v. Pryor, 210 S. W. 430, it is held:

"The rule is that, if a petition fails to state facts sufficient to show a cause of action at all, then the matter can be raised in this court for the first time."

Plaintiff submitted his cause of action on an assignment which wholly failed to state a cause of action.

The Commissioner recommends that the motion for a rehearing be overruled.

PER CURIAM:—The foregoing opinion of DAVIS, C., on rehearing is adopted as the opinion of the court. The motion for rehearing is accordingly overruled. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.